**Harold A. FRANKLIN, Plaintiff,**

**United States of America, Plaintiff and Amicus Curiae,**

**v.**

**William V. PARKER, Dean Graduate School of Auburn University, Defendant.**

**Civ. A. No. 621–E.**

United States District Court
M. D. Alabama, E. D.
Nov. 5, 1963.

Fred D. Gray, Montgomery, Ala., Jack Greenberg, Constance Baker Motley, and Leroy D. Clark, New York City, for the plaintiff Franklin. Ben Hardeman, U. S. Atty., Montgomery, Ala., and Arvid A. Sather, Atty., U. S. Dept. of Justice, Washington, D. C., for the United States, plaintiff and amicus curiae.

James J. Carter and T. B. Hill, Jr., (of Hill, Hill, Stovall & Carter), Mont-

gomery, Ala., and Thomas D. Samford III, (of Samford & Samford), Opelika, Ala., for defendant.

JOHNSON, District Judge.

This cause is now submitted upon the plaintiff's motion for a preliminary injunction. Upon consideration of the issues as made up by the pleadings and the evidence (the latter consisting of affidavits, testimony taken both orally and by deposition and the several exhibits thereto), and the briefs and arguments of the parties, this Court now makes the appropriate findings of facts and conclusions of law, embodying the same in this memorandum opinion.

This action was filed on August 26, 1963, by Harold A. Franklin, a Negro, seeking admission to the Graduate School of Auburn University. Franklin, as authorized by 42 U.S.C. § 1983, brings this action in behalf of himself and in behalf of other Negro citizens of the State of Alabama who are similarly situated. Plaintiff seeks to redress the deprivation of rights, privileges and immunities secured him and other members of his class by the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. § 1981. Plaintiff, upon this submission, asks this Court for a preliminary injunction enjoining the Dean of the Graduate School of Auburn University, his agents, employees and successors, and all persons in active concert and participation with him, from refusing to consider the applications of Negro residents of Alabama for admission to Auburn University upon the same terms and conditions applicable to white applicants; and from failing and refusing to accept and approve the applications of qualified Negroes for admission to Auburn University solely because of the race or color of such applicants; and from subjecting Negro applicants to conditions, prerequisites, delays and tests not required of white applicants; and from making the attendance of Negroes at Auburn University subject to terms and conditions not applicable to white students; and from rejecting Negro applicants because of their attendance at unaccredited colleges operated by the State of Alabama when such applicants are barred from attending accredited State colleges solely because of their race; and from continuing to pursue a policy, practice, custom and usage of limiting admissions to Auburn University to white persons.

Harold A. Franklin is a permanent resident of Talladega, Alabama, but is residing in Montgomery, Alabama; he is a graduate of Alabama State College, Montgomery, Alabama, receiving the Bachelor of Arts degree in May 1962. It appears from an examination of the transcript of his record at Alabama State College that if he meets the requirements of the Graduate School at Auburn University he is eligible for admission to that institution for pursuit of the Master's Degree in History and Political Science. The members of the class in whose behalf the plaintiff sues are likewise Negro citizens of the State of Alabama who have been graduated from either of the two State colleges established and maintained by the State of Alabama exclusively for Negroes.[1] Both of these schools are under the express management and control of the State Board of Education; both are designated by statute as schools for Negroes, and these two colleges are the only two State institutions of higher learning for Negroes in Alabama. During all times material to this case, all the other State institutions of higher learning were limited by either statute or custom and tradition solely to white students.[2]

In 1956, Alabama State College was given probationary accreditation by the

---

1. Alabama State College at Montgomery, Alabama, and the Agricultural and Mechanical Institute for Negroes at Normal, Alabama (near Huntsville).

2. The colleges at Florence, Jacksonville, Livingston and Troy are designated for "white teachers" by Title 52, § 438, Code of Alabama. The University of Alabama was held to be limited by tradition and custom to white students only in Lucy v. Adams, 134 F.Supp. 235 (1955); 228 F.2d 619, cert. denied 351 U.S. 931, 76 S.Ct. 790, 100 L.Ed. 1460.

Southern Association of Colleges and Schools. In 1961, accreditation was withdrawn from both Alabama State College and Alabama A. & M. College, and at the time Franklin was graduated (and also at the present) neither school was accredited. During this same period, all the Alabama colleges and universities which were and are limited to white persons were fully accredited. It appears, therefore, that during all of the times material to this case, there was no State institution of higher learning which was accredited by the Southern Association of Colleges and Schools (the recognized accrediting agency for Southern colleges and schools) and which the State of Alabama voluntarily opened to Negroes seeking an undergraduate education. More specifically, there was no such institution in 1962 when Franklin completed his undergraduate work at Alabama State College.[3] During this same period of time, Auburn University was an institution operated and maintained by the State of Alabama.[4] During the probationary period for Alabama State College, both the Alabama State Superintendent of Education and the Alabama State Board of Education were aware of the deficiencies that caused this probationary status and subsequent disaccreditation.

█ In November 1962, after having been graduated with a Bachelor of Arts degree from "the State of Alabama operated and maintained" Alabama State College, Franklin submitted his formal application to Auburn University for admission to the Graduate School of that institution. According to the uncontradicted evidence in this case, the defendant, William V. Parker as Dean of the Graduate School of Auburn University, had the exclusive initial authority either to accept or reject Franklin's application. Franklin was rejected on one basis: He had not been graduated from a college that held an accredited status with the Southern Association of Colleges and Schools.[5] Thus the State of Alabama has denied to Harold A. Franklin, a Negro—solely because he is a Negro—the opportunity to receive an undergraduate education at an accredited State college or university; at the same time, the State of Alabama afforded adequate opportunity to its white citizens to receive an undergraduate education at accredited State institutions. Now, after having done this, the State of Alabama, acting through its State operated and maintained institution Auburn University, insists that graduate education at that institution shall be open only to students who are graduates of accredited colleges or universities. On its face, and standing alone, the requirement of Auburn University concerning graduation from an accredited institution as a prerequisite to being admitted to Graduate School is unobjectionable and a reasonable rule for a college or university to adopt. However, the effect of this rule upon Harold A. Franklin—an Alabama Negro—and others in his class who may be similarly situated, is necessarily to preclude him from securing a postgraduate education at Auburn University solely because the State of Alabama discriminated against him in its undergraduate schools. Such racial discrimination on the part of the State of Alabama amounts to a clear denial of the equal protection of the laws. This is true regardless of the good motives or purposes that Auburn University may have concerning the rule in question. Bush v. Orleans Parish, 138 F. Supp. 337; 242 F.2d 156; Meredith v. Fair, 298 F.2d 696 (5th Cir., 1962, Miss.); Ludley v. Board of Supervisors of L. S. U., 150 F.Supp. 900, aff'd. 252 F. 2d 372 (5th Cir., 1958, La.); and Hunt v. Arnold, 172 F.Supp. 847 (N.D.Ga., 1959).

3. The same year Franklin was graduated from Alabama State College, approximately 420 other Negroes were graduated with bachelor's degrees from that institution.

4. Title 52, § 474 et seq., Code of Alabama.

5. Dean Parker acts pursuant to the Graduate School Auburn University Bulletin, which states: "Admission to the Graduate School: Graduation with a bachelor's degree from an accredited college or university is requisite for admission to the Graduate School."

■ The contention of the defendant's counsel that Franklin does not represent a class is contrary to the established law in such cases. All Negro citizens of Alabama who may be adversely affected by the practice and rules the defendant seeks to apply to Franklin are members of Franklin's class. It need not be shown that any other members of Franklin's class have applied to Auburn and been refused admittance. Any Negro resident citizen of Alabama who cannot be admitted to Auburn University for the reason given Franklin—after having received a degree from one of the Alabama maintained "unaccredited" colleges for Negroes—has a "substantial, immediate, and real interest in the validity of" such a rule or practice "which imposes the disability." Anderson et al. v. City of Albany, et al. (5th Cir., 1963), 321 F.2d 649. See also Evers v. Dwyer, 358 U.S. 202, 79 S.Ct. 178, 3 L. Ed.2d 222.

■ The strenuous argument of the defendant that lack of accreditation of Alabama State College was not the fault of the State of Alabama but was caused by "the extreme weakness of the branch at Mobile, on a graduate program insufficiently supported by faculty and library, and on a very confused situation in the general administration of the college" ignores the fact that Alabama State College was operated and maintained by the State under the direct control of the State Board of Education. See this Court's opinion in Dixon v. Alabama State Board of Education, 186 F.Supp. 945. Thus, if there was a "weakness" or graduate program "insufficiently supported" by faculty and library or a "very confused situation in the general administration" of the college, it was the responsibility of the State of Alabama, acting through its State Board of Education, to correct these matters instead of allowing these deficiencies to continue through five years of probation which terminated in nonaccreditation. It is the State of Alabama, therefore, that causes and permits the lack of accreditation of Alabama State College and it is the State of Alabama that causes or allows Auburn University's requirement concerning admission from an accredited institution.

In addition to the above and as the United States (appearing in this case by order of this Court of September 9, 1963) points out in its brief, the State of Alabama is as much to blame for the plaintiff's inability to satisfy Auburn's requirement for admission to its Graduate School as if "it had deliberately set out to bar the plaintiff from Auburn solely because he is a Negro." The basis for such a conclusion in this case is that despite the pronouncement by the Supreme Court of the United States in Brown v. Board of Education of Topeka, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954) that racially segregated public schools are barred by the Constitution of the United States, the State of Alabama has refused, and continues to refuse voluntarily, to conform any of its educational facilities to that decision. The question of good faith on the part of the officials at Auburn University is not here material. As the Supreme Court stated in Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958):

"One may well sympathize with the position of the Board in the face of the frustrating conditions which have confronted it, but, regardless of the Board's good faith, the actions of other state agencies responsible for those conditions compel us to reject the Board's legal position. Had Central High School been under the direct management of the State itself, it could hardly be suggested that those immediately in charge of the school should be heard to assert their own good faith as a legal excuse for delay in implementing the constitutional rights of these respondents, when vindication of those rights was rendered difficult or impossible by the actions of other state officials."

■ In accordance with the foregoing, this Court will issue a preliminary injunction enjoining the defendant, William V. Parker, Dean of the Graduate

School of Auburn University, his agents, servants, employees, successors and all persons, including all other Auburn University employees or officials acting in concert and participation with him, from refusing to admit Harold A. Franklin as a student in the Graduate School of Auburn University at the beginning of the January 2, 1964 quarter for the reason that he failed to graduate from an accredited college or university. The injunction will also relate to the admission of other qualified Negro applicants to Auburn University Graduate School, without regard to any statute, policy, practice, custom and usage which may be contrary to the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States.

This Court retains jurisdiction of this cause.