**Don E. McGAHEY**

v.

**GIANT FOOD, INC., a Delaware Corp., and Whitely, Inc., a New Jersey Corp.**

**Civ. No. 18566.**

United States District Court
D. Maryland.

June 24, 1969.

James R. Miller, Jr., and Miller, Miller & Canby, Rockville, Md., for plaintiff.

Joseph H. Young, Baltimore, Md., for defendant Giant Food, Inc.

Eugene A. Edgett, Jr., Baltimore, Md., for defendant Whitely, Inc.

FRANK A. KAUFMAN, District Judge:

The plaintiff in this action alleges that he was injured by the negligent operation by defendant Giant Food, Inc. (Giant) of a device manufactured by defendant Whitely, Inc. (Whitely). Plaintiff's complaint states that this Court's jurisdiction attaches pursuant to diversity of citizenship of the parties as provided in 28 U.S.C. § 1332(a).

In Strawbridge v. Curtis, 3 Cranch 267, 2 L.Ed. 435 (1806), the Supreme Court construed the general grant of diversity jurisdiction in the Judiciary Act of 1789 as requiring that diversity of citizenship exist between each plaintiff and each defendant. That interpretation has been adhered to with respect to each subsequent congressional enactment of the diversity jurisdiction, the present statute being 28 U.S.C. § 1332(a). *See* Hart and Wechsler, The Federal Court and the Federal System 901–02 (1953). Professor Wright has written that:

> The problems of diversity become more complex when there are multiple parties. Suppose that a citizen of Texas and a citizen of Oklahoma join as plaintiffs in a suit against a citizen of New York. Here it is settled that diversity exists, and that neither the statute nor the Constitution require that all the parties on one side be citizens of the same state. But if the Texan and the Oklahoman join to bring suit against two defendants, one of whom is a citizen of New York but the other a citizen of Texas (or Oklahoma), there is no diversity jurisdiction. This is the rule of "complete diversity," first laid down by Chief Justice Marshall in the famous case of Strawbridge v. Curtiss [Curtis]. * * * [Wright, Federal Courts 71–72 (Hornbook Series 1963); footnotes omitted].

The complaint in this case itself discloses that the standard is not met here. Paragraph 1 of the complaint states that plaintiff is a citizen of Maryland, defendant Giant is a Delaware corporation with its principal place of business in Maryland, and defendant Whitely is a New Jersey corporation with its principal place of business in a state "other than" Maryland. Under 28 U.S.C. § 1332(c), a corporation is a citizen of the state of incorporation *and* of the state in which it has its principal place of business. Thus, defendant Giant is a citizen of both Delaware and Maryland for the purposes of the jurisdictional statute. Since the plaintiff is a citizen of Maryland, there is an absence of complete diversity between the plain-

tiff and each defendant. The following example is set forth in Wright, *supra* at 77: "* * * where a corporation incorporated in Delaware and with its principal place of business in Ohio is a party to the suit, diversity is lacking if any adverse party is a citizen either of Delaware or of Ohio." This, of course, if "Maryland" is substituted for "Ohio," is the case at bar.

Neither defendant in this case has moved to dismiss for lack of subject matter jurisdiction. Nevertheless, subject matter jurisdiction cannot be conceded by any party; nor can it be granted by this Court in its discretion. Rule 12(h) (3), Fed.R.Civ.P. Rather, this Court must dismiss this action *sua sponte*. Caffery v. New York Central R. R., 324 F.2d 711 (2d Cir.1963); 1 Moore, Federal Practice ¶ 0.60[4] (2d Ed.1964); Wright, *supra* at 244. Therefore, the within complaint is hereby dismissed for want of subject matter jurisdiction.