Guadalupe GONZALEZ,
Plaintiff-Appellant,

v.

SOUTHERN METHODIST
UNIVERSITY,
Defendant-Appellee.

No. 75–3643
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 11, 1976.

Frank P. Hernandez, Dallas, Tex., for plaintiff-appellant.

Robert F. Ritchie, John H. McElhaney, Dallas, Tex., for defendant-appellee.

Before CLARK, TJOFLAT and HILL, Circuit Judges.

TJOFLAT, Circuit Judge:

Guadalupe Gonzalez, a Mexican-American, applied to the School of Law of Southern Methodist University (SMU), a private educational institution, seeking admission to the class entering in the fall of 1975. Her application was denied. She then filed this suit alleging that SMU had discriminated against her because of her race in violation of Title 42, United States Code, Sections 1981, 1982, and 1983. She moved for a

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

preliminary injunction to enjoin SMU from denying her admission to the fall 1975 class; she also sought a determination that the suit should proceed as a class action. Since the beginning of the fall term was imminent, the district court began, on September 5, a hearing which lasted for several days. At the conclusion of that hearing, the court denied Gonzalez' motion for a preliminary injunction and determined that the suit should not proceed as a class action. Gonzalez now appeals from these rulings. We affirm.

This court has outlined four prerequisites for a preliminary injunction: (1) there must be a substantial likelihood of success on the merits; (2) there must be a threat of irreparable injury to the plaintiff which (3) outweighs the threatened harm to the defendants; and (4) the injunction must not disserve the public interest. See *Allison v. Froehlke*, 470 F.2d 1123, 1126 (5th Cir. 1972). The district court found that Gonzalez had failed to prove the existence of these four prerequisites, and we agree.

■ The record indicates little likelihood that Gonzalez would eventually succeed on the merits of her case. The trial court correctly decided that Gonzalez could not have prevailed under Title 42, United States Code, Sections 1982 or 1983. It is well settled that Section 1983 does not provide a remedy for private acts of racial discrimination. See *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). And even though Section 1982 may reach private discriminatory action, *Jones v. Alfred H. Meyer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), we see no property interest here which would bring this case within the scope of that statute.

■ On the other hand, Gonzalez' complaint does state a claim under Section 1981. She alleges that SMU discriminated against her because of her race, and thereby denied her (in the words of the statute) "the same right . . . to make and enforce [a contract] . . . as is enjoyed by white citizens . . . ." The Supreme Court has recently held that Section 1981 reaches discriminatory conduct in the context of private education. *Runyon v. McCrary*, —— U.S. ——, 96 S.Ct. 2586, 49 L.Ed.2d ——, 44 U.S.L.W. 5034 (1976). Thus Gonzalez would be entitled to relief if she could adduce the facts necessary to show race-based discrimination against her by SMU.

■ Such facts simply do not exist, however, on the record before us. The record shows absolutely no evidence of race-based discrimination against Gonzalez or any other minority applicant. SMU had a policy of fully reviewing the application of any minority student whose undergraduate grades and LSAT score failed to gain him automatic admission. The point of this review was to examine the record of the minority applicant in order to determine that applicant's merit in light of a broader view of his record, thus vitiating the effects of any possible "cultural bias" in the LSAT testing. Gonzalez' own application was subjected to this procedure which, if anything, gave her some advantages over the non-minority applicant [1]. In short, there is more than ample evidence in the record as it now exists to support the trial court's finding that Gonzalez "has not been denied admission to the SMU law school on the basis of sex, race, color, ethnic background or national origin." Gonzalez thus fell far short of demonstrating any likelihood of success on the merits.

■ We also affirm the trial court's refusal to allow this suit to proceed as a class action. The standard of review on that determination is whether the trial court abused its discretion. *Boggs v. Alto Trailer Sales, Inc.*, 511 F.2d 114 (5th Cir. 1975). In this case the trial court made its ruling after four days of hearings on Gonzalez' preliminary injunction; it was fully aware of the facts of the case, and found that

---

1. The logic of Gonzalez' "reverse discrimination" argument escapes us. Although it is now settled that non-minorities can obtain a remedy under Section 1981, see *McDonald v. Santa Fe Trail Transp. Co.*, —— U.S. ——, 96 S.Ct. 2574, 49 L.Ed.2d ——, 44 U.S.L.W. 5067 (1976), Gonzalez obviously has no standing to assert that argument here.

Gonzalez had failed to establish the necessary prerequisites to maintain a class action under Fed.R.Civ.P. 23. Our review of the record indicates that the trial court's ruling was well within its discretion.

For the reasons stated above, the trial court's order denying the plaintiff's motions for a preliminary injunction and for leave to proceed as a class action is AFFIRMED.