Stephen A. HENDERSON, Jr.,
Plaintiff-Appellant,

v.

FLORIDA BOARD OF REGENTS OF the DIVISION OF UNIVERSITIES OF the DEPARTMENT OF EDUCATION et al., Defendants-Appellees.

No. 77-3086
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 23, 1978.

---

7. 29 C.F.R. § 1910.25(b)(3). *See* Guidelines to the Department of Labor's Occupational Noise Standards (Bulletin 334, Rev. 1971).

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**1310**

Stephen A. Henderson, Jr., pro se.

Gene T. Sellers, Counsel, Fla. Bd. of Ed., Robert D. Bickel, University Atty., Tallahassee, Fla., for defendants-appellees.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM.

Plaintiff, Stephen A. Henderson, Jr., appeals from a summary judgment in favor of defendants, The Florida Board of Regents of The Division of Universities of The Department of Education, and several administrative officers of the Florida University System and of Florida State University. We Affirm.

Henderson, a black male, applied for admission to the Florida State University College of Law, seeking admission to the entering law classes of 1974, 1975, and 1976. His applications were denied. He then filed this suit alleging that he was denied admission because of his race in violation of 42 U.S.C. § 1983. The district court, in finding that the record, including the complaint, the answer, interrogatories, and affidavits revealed that no genuine issue of a material fact existed, granted the defendants' motion for summary judgment. On this appeal Henderson's sole contention is that the district court erred in granting this motion.

Henderson contends in general allegations without supporting authority that the decisions to reject his applications for admission to Florida State University College of Law were based on considerations of his race. The record shows no evidence of race based discrimination against Henderson. Henderson's academic credentials placed him in the bottom 1% of all applicants to the law school. Although his predicted first year average which was based on his LSAT score and his undergraduate grade point average merited automatic rejection under University standards, the Admissions Committee gave individual consideration to Henderson's application. The law school had a policy of seeking out minority applicants and more carefully reviewed their applications. In Henderson's case, a multifactor approach, which considered the applicant's entire educational experience, was used. There was no discrimination here. *See Gonzalez v. Southern Methodist University*, 536 F.2d 1071 (5 Cir. 1976). There is more than ample evidence in the record to support the trial court's finding that Henderson had not been denied admission to the law school on the basis of race.

Defendants have made a convincing showing that no genuine issue as to any material fact exists and that they are entitled to judgment as a matter of law. Appellant has failed to produce any evidence to defeat summary judgment. *See Broadway v. City of Montgomery, Alabama*, 530 F.2d 657 (5 Cir. 1976).

AFFIRMED.