**Paul K. BERMAN, Physician, Plaintiff-Appellant,**

v.

**FLORIDA MEDICAL CENTER, INC., a corporation, Defendant-Appellee.**

**No. 79–1025**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 6, 1979.

Rehearing Denied Sept. 17, 1979.

---

* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Cas. Co.,* 431 F.2d 409 (5th Cir. 1970) (pt. I).

Joseph Teichman, Hollywood, Fla., for plaintiff-appellant.

Daniels & Butman, Richard D. Heller, Fort Lauderdale, Fla., for defendant-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

GEE, Circuit Judge:

Florida law requires that private hospitals be licensed but provides that licensing cannot be denied "solely by reason of the school or system of practice employed or permitted to be employed by physicians therein . . . ." Section 395.07, Florida Statutes. Defendant, a private hospital, requires that applicants for appointment to its staff to practice medical specialties have served an American Medical Association approved residency in that specialty. Plaintiff, a licensed and practicing osteopathic physician, applied to practice the specialty of general surgery and was rejected by defendant solely because he had not served such a residency. Plaintiff admits he has not served one but claims that his osteopathic residency was its equivalent. He did not plead and does not claim before us that medical residencies are unavailable to physicians of his school, only that he has not served one of these but another kind, which he asserts is just as good. Nor does he assert that osteopathic physicians who have served such medical residencies are excluded from specialty practice by defendant. The district court dismissed his case, brought pursuant to 42 U.S.C. §§ 1983 and 1985, and the fourteenth amendment, on the pleadings for want of state action and a failure to allege racial or class-based discriminatory animus. Dr. Berman appeals.

Dr. Berman does not come before the courts pro se but represented by able counsel—as is evidenced by his briefs and pleadings. We are therefore entitled to presume that he has pled his best case. That case locates Dr. Berman, not in any

class of osteopathic as opposed to allopathic physicians, but in that merely of *physicians* who have not served an AMA residency but wish to practice a specialty in defendant's hospital without having done so. That they may have received equivalent training of another sort does not invalidate the hospital's requirement, which is a reasonable one. Doubtless there are midwives in the Fort Lauderdale area quite capable of handling normal childbirths, but this circumstance would scarcely render the requirement of a medical license for practice in this hospital unconstitutional or invalid. Having specified a reasonable means of access to its staff privileges, defendant is not required to shell the woods, canvassing one by one other modes that might or might not be its equivalent. Nor do plaintiff's additional general allegations that the above actions of the hospital constitute a conspiracy against osteopathic physicians add force to them. Cf. *Uston v. Airport Casino, Inc.*, 564 F.2d 1216 (9th Cir. 1977).

■■ Finally, if more be required, we concur in the trial court's conclusions that the complaint fails to allege any racial or class-based invidiously discriminatory animus, *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), and that the state statute regarding hospital licensing does not sufficiently implicate Florida in defendant's staff-admission policies to constitute "state action." *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972).[1]

AFFIRMED.

---

1. Indeed, the principal thrust of the statute appears to be to ensure that any school of medicine may establish a licensed hospital without fear of discrimination because of its character as such.