**John N. PAPPANASTOS,**
**Plaintiff-Appellant,**

v.

**The BOARD OF TRUSTEES OF the UNIVERSITY OF ALABAMA, etc., et al., Defendants-Appellees.**

No. 78–1029.

United States Court of Appeals, Fifth Circuit.

April 8, 1980.

Harold Howell, Prattville, Ala., for plaintiff-appellant.

Paul E. Skidmore, University, Ala., Hobbs, Copeland, Franco & Screws, Truman Hobbs, Montgomery, Ala., for defendants-appellees.

Before BROWN, HILL and RANDALL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

The University of Alabama School of Law offers a graduate course of study in taxation. Admission to the program is selective. Among other qualifications, applicants must possess a J.D. or equivalent degree from a law school accredited by the American Bar Association. John N. Pappanastos, appellant, was denied admission to the graduate tax program "solely because he [did] not [graduate] from an ABA accredited law school." *Pappanastos v. Board of Trustees*, No. 77–380–N (M.D.Ala., filed Nov. 30, 1977), at 2. Pappanastos sued the university under 42 U.S.C. § 1983 (1976), charging that the defendants' accreditation requirement denied him equal protection of the laws. U.S.Const. Amend. XIV, § 1. From a summary judgment in favor of defendants, Pappanastos appeals.

As in all cases implicating the equal protection clause, "we must first determine what burden of justification the [challenged] classification . . . must meet." *Zablocki v. Redhail*, 434 U.S. 374, 383, 98 S.Ct. 673, 679, 54 L.Ed.2d 618 (1978), quoting *Memorial Hospital v. Maricopa County*, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974). The proper degree of judicial "scrutiny," *see Trimble v. Gordon*, 430 U.S. 762, 777, 97 S.Ct. 1459, 1468, 52 L.Ed.2d 31 (1977) (Rehnquist, J., dissenting), is a function of two variables: first, the nature of the right affected; and second, the identity of the plaintiff. If the classification "interferes with the exercise of a fundamental right or operates to the

peculiar disadvantage of a suspect class," *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 312, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520 (1976) (per curiam) (footnote omitted), "strict" judicial scrutiny is then the standard of review. *E. g., Dunn v. Blumstein,* 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972) (voting); *Graham v. Richardson,* 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971) (alienage). Otherwise, the question is whether the classification bears "a rational relation to a legitimate state interest." *Ohio Bureau of Unemployment Services v. Hodory,* 431 U.S. 471, 489, 97 S.Ct. 1898, 1908, 52 L.Ed.2d 513 (1977). *See, e. g., Holt Civic Club v. City of Tuscaloosa,* 439 U.S. 60, 99 S.Ct. 383, 58 L.Ed.2d 292 (1978).

■ Not surprisingly, Pappanastos concedes that the "rational relationship" test controls this case. Admission to appellees' tax program is no "basic civil right of man," *Skinner v. Oklahoma,* 316 U.S. 535, 541, 62 S.Ct. 1110, 1113, 86 L.Ed. 1655 (1942); nor can it be said that graduates of unaccredited law schools suffer "such disabilities, or [are] subjected to such a history of purposeful unequal treatment, or [are] relegated to such a position of political powerlessness as to command extraordinary protection from the majoritian political process." *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 28, 93 S.Ct. 1278, 1294, 36 L.Ed.2d 16 (1973). Appellant bases his attack on the alleged "irrationality" and "arbitrariness" of the accreditation prerequisite: no state purpose is advanced, appellant contends, by keeping him ignorant of tax law, particularly since he is already a practicing Alabama attorney. The constitutional issue, however, does not turn on appellant's personal credentials. *See, e. g., Idaho Department of Employment v. Smith,* 434 U.S. 100, 98 S.Ct. 327, 54 L.Ed.2d 324 (1977) (per curiam); *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976) (per curiam); *Berman v. Florida Medical Center, Inc.,* 600 F.2d 466 (5th Cir. 1979). We must ask, rather, whether "any state of facts reasonably may be conceived to justify" the challenged admission standard. *McGowan v. Maryland,* 366 U.S. 420,

426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961). *Accord, Salyer Land Co. v. Tulare Lake Basin Water Storage District,* 410 U.S. 719, 93 S.Ct. 1224, 35 L.Ed.2d 659 (1973). So framed, appellant's equal protection claim is facially untenable.

Like most selective academic institutions, the University of Alabama School of Law endeavors to accept those applicants who exhibit superior professional promise. According to its Dean, "one [admission] consideration is whether the applicant has had good, solid school training." R. 144. A.B.A. accreditation signifies various and desirable scholastic attributes. *See* American Bar Association, Approval of Law Schools (rev. ed. 1979). Patently, such matters as curriculum, faculty, library facilities, class attendance, and pre-legal studies bear a rational, albeit not a perfectly precise, relation to the quality of law school education. It is for this reason that A.B.A. accredited legal education has been consistently and repeatedly declared a constitutionally valid prerequisite for admission to the bar. *See Donnelly v. Boston College,* 558 F.2d 634 (1st Cir.) (per curiam), *cert. denied,* 434 U.S. 987, 98 S.Ct. 618, 54 L.Ed.2d 483 (1977); *Lombardi v. Tauro,* 470 F.2d 798 (1st Cir. 1972), *cert. denied,* 412 U.S. 919, 93 S.Ct. 2734, 37 L.Ed.2d 145 (1973); *Hackin v. Lockwood,* 361 F.2d 499 (9th Cir.), *cert. denied,* 385 U.S. 960, 87 S.Ct. 396, 17 L.Ed.2d 305 (1966); *Hickey v. District of Columbia Court of Appeals,* 457 F.Supp. 584 (D.D.C.1978); *Potter v. New Jersey Supreme Court,* 403 F.Supp. 1036 (D.N.J.1975), *aff'd mem.,* 546 F.2d 418 (3d Cir. 1976). Likewise, "graduation from an accredited institution as a prerequisite to being admitted to Graduate School is unobjectionable and a reasonable rule for a college or university to adopt." *Franklin v. Parker,* 223 F.Supp. 724, 726 (M.D.Ala.1963) (F. Johnson, J.), *aff'd per curiam,* 331 F.2d 841 (5th Cir. 1964).

AFFIRMED.