Honorable Joseph B. DUPONT, Sr. et al.

v.

Harry J. "Soup" KEMBER, Jr. et al.

Civ. A. No. 80–544–A.

United States District Court,
M. D. Louisiana.

Nov. 14, 1980.

William C. Dupont, Plaquemine, La., A. Edward Hardin, Middleton & Hardin, Baton Rouge, La., for plaintiffs, Dupont and Richard A. Medlen.

Judy F. Pierce, Staff Atty., La. Dept. of Justice, Baton Rouge, La., for defendants, Harry J. Kember, Jr., and Houston C. "Hammy" Gascon, III.

Patrick W. Pendley, Freeman & Pendley, Ltd., Plaquemine, La., for defendants, E. J. "Nessie" Francise and Spencer R. "Jack" Emmons, Jr.

Samuel C. Cashio, Maringouin, La., Jack T. Marionneaux, Plaquemine, La., for defendant Gascon.

## MEMORANDUM OPINION

### JOHN V. PARKER, Chief Judge.

The judge and marshal of the City Court of the City of Plaquemine, Louisiana, have instituted this action against a State Representative, an Assistant District Attorney for the Eighteenth Judicial District Court of Louisiana, the President of the Iberville Parish Police Jury and a Legislative Aide to the State Representative. They allege deprivation of rights, privileges and immunities secured to them by the Constitution and laws of the United States. Jurisdiction of this Court is claimed under 28 U.S.C. § 1343 because of alleged violations of 42 U.S.C. §§ 1983 and 1985. Plaintiffs pray for a temporary restraining order (which was denied), preliminary and permanent injunctions and money damages. The matter was heard on the motion of plaintiffs for a preliminary injunction and, in order to preserve the status quo, a preliminary injunction was issued.

As it is required to do, the Court *sua sponte* raised the issue of federal jurisdiction. Rule 12(h)(3), Fed.R.Civ.P.; *Carlsberg Resources Corporation v. Cambria Savings & Loan Association*, 413 F.Supp. 880, 881 (W.D.Pa.1976); *McGahey v. Giant Food, Inc.*, 300 F.Supp. 475, 477 (D.Md. 1969). Following the conclusion of the hearing, the Court directed all parties to submit briefs on that issue. Briefs have been filed and the matter has now been submitted for decision.

At its 1980 Session, the Louisiana Legislature adopted Act 498, a measure introduced by defendant, Representative Kember, which was signed by the Governor and under Louisiana's Constitution became effective sixty days after adjournment of the Legislature (July 14, 1980). The statute deals only with the City Court of Plaquemine and it reduces the territorial jurisdiction of the Court, restricts the personnel of the Court to a "judge, a marshal and a clerk of court" and reduces the pay of the judge and the marshal.[1]

---

1. Act No. 498 (House Bill No. 1630) provides:

### ACT 498

To amend and reenact Subsections B and C of Section 2488.61 and Section 2488.62 of Title 13 of the Louisiana Revised Statutes of 1950, to provide for the repeal of Sections 2488.61, 2488.62, and 2488.63 of Title 13 of the Louisiana Revised Statutes of 1950 on January 1, 1985, relative to the city court of Plaquemine; to provide for the jurisdiction of the court; to provide for the personnel and their respective salaries; to provide for the collection of funds; and otherwise to provide with respect thereto.
Be it enacted by the Legislature of Louisiana:
  Section 1. Subsections B and C of Section 2488.61 and 2488.62 of Title 13 of the Louisiana

Revised Statutes of 1950 are hereby amended and reenacted to read as follows:
  § 2488.61. Abolition of mayor's court; creation of city court

\* \* \* \* \* \*

  B. The City Court of Plaquemine is created and shall have territorial jurisdiction throughout the city of Plaquemine and which said jurisdiction shall not extend beyond the city limits of Plaquemine.
  C. The City Court of Plaquemine shall be composed of a judge, a marshal and a clerk of court, and may have no other personnel.

\* \* \* \* \* \*

The complaint alleges that Representative Kember "illegally introduced legislation, local in nature, which legislation, after being passed by the Louisiana Legislature, became Act 498 of 1980 Regular Session," that the statute does not become effective until January 1, 1985, but that the defendants have "conspired" to enforce it immediately, thus depriving plaintiffs of unspecified rights and privileges secured to them by the Constitution and laws of the United States and that, in any event, Act 498 is unconstitutional and its enforcement by the defendants constitutes violation of 42 U.S.C. §§ 1983 and 1985.

Plaintiffs rely exclusively upon various provisions of the Louisiana Constitution of 1974 for their contentions that Act 498 does not become effective until January 1, 1985, as well as their contentions that it is unconstitutional and otherwise invalid.

The following facts were established at the trial of the motion for preliminary injunction: Defendant, E. J. Francise, is a member and president of the Iberville Parish Police Jury who took office on June 2, 1980. He is generally familiar with the provisions of Act 498 and he discussed the effective date of that act with the defendant, Houston C. Gascon, III, an Assistant District Attorney. Under Louisiana law, the District Attorney is the official adviser to police juries. He is aware that the state statute has the effect of reducing the salaries of the judge and other court personnel. The Police Jury has taken no official action to change those salaries. Mr. Carl Grant is the Secretary–Treasurer of the Police Jury, an appointed, not elected, position. He is not a member of the jury and has no vote. The Police Jury has taken no action regarding the City Court since the adoption of Act 498. Mr. Grant has discussed the provisions of Act 498 with the defendant Kember and he specifically asked Mr. Kember for help in obtaining an interpretation of the act. Kember obtained an opinion from the Louisiana Legislative Council which concludes that the act became effective sixty days after adjournment of the Louisiana Legislature in 1980. Kember wrote a "To Whom It May Concern" letter dated September 10, 1980, attaching copies of the act and of the opinion of the Legislative Council. Kember either delivered or had delivered copies of this opinion to Mr. Grant and several of the other defendants. Mr. Grant testified that he feels compelled to abide by any law adopted by the Legislature regarding salaries and that although the Police Jury has taken no action concerning the salaries of the City Court, if the state law is effective, he will apply it. He testified that neither defendant, Spencer R. Emmons, Jr., Kember nor Francise ever instructed him to take any action to reduce the pay of any of

§ 2488.62. Compensation of judge, marshal, clerk and deputy clerks; collection and disposition of fines, forfeitures and costs

A. The judge shall receive compensation in accordance with the provisions of R.S. 13:1874, except that the annual salary payable by the city and parish shall be four thousand eight hundred dollars.

B. The marshal shall receive compensation in accordance with the provisions of R.S. 13:1883, except that the annual salary payable by the city and parish shall be thirty–six hundred dollars.

C. The salary of the clerk shall be fixed and paid by the respective governing authorities of the city of Plaquemine and the parish of Iberville in equal proportions, except that the clerk shall receive a salary of three hundred dollars per month.

D. The clerk of the city court or the marshal, as designated by the judge, shall collect all fines, forfeitures, penalties and costs, and all funds so collected shall be paid monthly into the city treasury. The city shall annually appropriate to the city court any portion of the said funds for the operation of the court.

Section 2. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items, or applications of this Act which can be given effect without the invalid provisions, items, or applications, and to this end the provisions of this Act are hereby declared severable.

Section 3. All laws or parts of laws in conflict herewith are hereby repealed.

s/ John J. Hainkel, Jr.
SPEAKER OF THE HOUSE
OF REPRESENTATIVES
s/ Michael H. O'Keefe
PRESIDENT OF THE SENATE
s/ David C. Treen
GOVERNOR OF THE STATE
OF LOUISIANA
APPROVED: 7/22/80

the employees of the City Court. Emmons is a Legislative Aide to Kember and at Kember's direction, he simply delivered a copy of Act 498 and the Legislative Council's opinion to a person in the Police Jury Office and to defendant Gascon. Judge Joseph B. Dupont, Sr., testified that as originally established the City Court included four wards of the parish, including all of the limits of the City of Plaquemine, that he was elected to a six-year term of office and was reelected one year ago and that he lives in one of the wards originally included within the territorial jurisdiction of the Court but outside the limits of the city. He fears that the act may "gerrymander" him out of office because of the location of his home. He further testified that his salary has been reduced and that the act limits the personnel that may be employed by the Court, which will result in reduced service by the Court.

■ As originally constituted, the City Court of Plaquemine included areas located outside of the limits of the city, and the 1980 legislation restricts the territorial jurisdiction to the city limits. Both plaintiffs reside outside of the city limits, and state law apparently requires that they reside within the territorial area of the court they serve. From these provisions, plaintiffs assume an attempt to deprive them of the offices to which they have been elected in accordance with state law. In brief the plaintiffs claim that the 1980 law was introduced by Kember because of political differences between plaintiffs and him. No evidence to that effect was offered at the trial of this matter, and there is nothing in this record to support such a conclusion. Assuming, however, that there was evidence of Kember's alleged bad motives, that would not help the plaintiffs. It is well established that the motivation of particular members of a state legislature (or of the Congress of the United States) does not render a valid statute invalid. *United States v. O'Brien*, 391 U.S. 367, 382, 88 S.Ct. 1673, 1682, 20 L.Ed.2d 672 (1968); *State of Arizona v. State of California*, 283 U.S. 423, 455, 51 S.Ct. 522, 526, 75 L.Ed. 1154 (1931); *McCray v. United States*, 195 U.S. 27, 24

S.Ct. 769, 49 L.Ed. 78 (1904); *Fletcher v. Peck*, 6 Cranch 87, 3 L.Ed. 162 (1810). Legislators with evil motives have been known to pass sound legislation while legislators with the purest of motives have adopted evil and unconstitutional laws. Consequently, courts are not even permitted to inquire into alleged evil motives of state legislators; they look only at the results of statutes. *Daniel v. Family Insurance Co.*, 336 U.S. 220, 224, 69 S.Ct. 550, 552, 93 L.Ed. 632 (1949); *United States v. Des Moines Navigation and Railway Co.*, 142 U.S. 510, 544, 12 S.Ct. 308, 318, 35 L.Ed. 1099 (1892); *Ex parte McCardle*, 7 Wall. 506, 19 L.Ed. 264 (1869); *Globe Seaways, Inc. v. Panama Canal Co.*, 509 F.2d 969 (5th Cir. 1975); *LaBauve v. Louisiana Wildlife and Fisheries Commission*, 444 F.Supp. 1370, 1383 (E.D.La.1978).

Here, the rights claimed by plaintiffs—to hold their respective offices for the entire terms to which they have been elected, to unreduced compensation and to adequate court personnel—all arise from state, not federal law.

This action is brought under 42 U.S.C. §§ 1983 and 1985, which provide, in pertinent part:

"1983. Every person who, under color of any statute, ... of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ...."

"1985.

\*     \*     \*     \*     \*     \*

"(3) If two or more persons in any State or Territory conspire ... for the purpose of depriving ... any person *or class of persons* of the equal protection of the laws, or of equal privileges and immunities under the laws; ... if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising

any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages . . . ." (Emphasis supplied)

■ As to the claim under Section 1985, plaintiffs offered no evidence of any conspiracy among these defendants, and the Court finds that there was no such conspiracy. More to the point, however, it is clear that an action under Section 1985 must be predicated upon some *class–based discrimination. Griffin v. Breckenridge*, 403 U.S. 88, 101, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 368–371, 99 S.Ct. 2345, 2346–2348, 60 L.Ed.2d 957 (1979); *Berman v. Florida Medical Center, Inc.*, 600 F.2d 466, 468 (5th Cir. 1979). Here, plaintiffs make no such claim and have offered no evidence to support any such class discrimination. Indeed, it is obvious that they could not.

■ As to the claims under Section 1983, federal courts lack jurisdiction to entertain suits alleging denial of rights and privileges which are derived solely from state laws. *Snowden v. Hughes*, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); *Great American Federal Savings & Loan Association v. Novotny, supra; Gamza v. Aquirre*, 619 F.2d 449 (5th Cir. 1980).

■ It is also well settled that the legislative power of a state, except so far as restrained by its own Constitution, is at all times absolute with respect to all offices within its reach. A state legislature may at its pleasure create or abolish state offices, may modify their duties and may also shorten or lengthen the term of service. *Higginbotham v. City of Baton Rouge*, 306 U.S. 535, 59 S.Ct. 705, 83 L.Ed. 968 (1939); *Taylor and Marshall v. Beckham*, 178 U.S. 548, 20 S.Ct. 890, 44 L.Ed. 1187 (1900). There is no federal right to run for or hold a state elective office that can be protected under Section 1983. *Peterson v. Knutson*, 367 F.Supp. 515 (D.Minn.1973), affirmed 505 F.2d 736 (8th Cir. 1974).

Plaintiffs seek to avoid application of these settled legal principles by repeatedly invoking the due process and equal protection clauses of the Fourteenth Amendment. The argument is to the effect that each plaintiff has been duly elected under state law to an office with a term and compensation fixed under state law. Act 498 adversely affects their terms of office and their rate of compensation. Plaintiffs admit that they have no contractual right to public office, *Higginbotham v. City of Baton Rouge, supra*, but they claim a "legal right to the salary and benefits of office."

That legal right, however, if it exists at all, finds its origin in state, not federal law. Plaintiffs themselves declare in brief, "[Plaintiffs] are guaranteed benefit of compensation by the *Constitution of Louisiana.*" (Emphasis supplied) No provision of the federal Constitution imposes restraints upon a state legislature[2] regarding creation, alteration or abolition of state offices.

■ Plaintiffs simply have no claim cognizable under federal law. Insofar as the Constitution and laws of the United States are concerned, the Louisiana Legislature has complete power over the City Courts of Louisiana. That body may create them, and abolish them; it may define their powers and modify those powers; it may establish terms of office and reduce those terms; it may provide for wide or narrow territori-

---

**2.** The legislative power over state offices is not to be confused with executive dismissals of employees belonging to the "wrong" political party which the Supreme Court has recently determined infringes upon First Amendment rights of the employees. *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), and *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). Plaintiffs attempt to bring themselves under the *Elrod* umbrella in brief, but they offered no evidence to support any First Amendment violation and made no such claim in their pleadings. We deal here not with executive political patronage but with a *legislative* measure duly adopted by both Houses of the Louisiana Legislature which relates to local offices over which that body has plenary power. The act may be invalid in whole or in part, under the Louisiana Constitution, as plaintiffs claim, but clearly *Elrod* does not make it so.

al jurisdiction; it may establish, increase or decrease compensation. In the exercise of that power, the Legislature is restrained only by the provisions of the state Constitution.

Plaintiffs' relief, if any, must be obtained from Louisiana's courts.

Defendants, Francise and Emmons, have filed a Rule 19 motion requesting that the City of Plaquemine and the Iberville Parish Police Jury be made parties defendant, alleging that they are indispensable in that in their absence complete relief cannot be accorded. This motion is predicated upon the proposition that the City of Plaquemine and the Iberville Parish Police Jury, together with the State of Louisiana, make financial contributions to the support of the City Court. Further, these defendants argue that Francise is only one member of the Police Jury and, as such, can take no official action of that body. Plaintiffs oppose the motion upon the argument that neither the city nor the Police Jury is amenable to suit under Section 1983, which, of course, is no longer the case. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

The motion to add parties defendant misses the point of the litigation. These plaintiffs are not complaining about action of the City of Plaquemine or the Parish of Iberville; on the contrary, they are complaining of alleged actions of these particular defendants. Nevertheless, in view of the holding that this Court lacks jurisdiction to entertain the matter, we do not reach the motion to add parties.

For the foregoing reasons, and despite the fact that no defendant has challenged jurisdiction, this Court finds that it lacks jurisdiction over the subject matter of the action, and, accordingly, it is hereby DISMISSED. The writ of preliminary injunction previously issued herein is hereby recalled, vacated and set aside.