758 F.2d 654
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LAFONAZ E. WASHINGTON, PLAINTIFF-APPELLANT,
v.
MICHIGAN DEPARTMENT OF EDUCATION; MICHIGAN HIGHER EDUCATION
ASSOCIATION; UNIVERSITY OF MICHIGAN, ANN ARBOR; UNIVERSITY
OF DETROIT COLLEGE OF LAW; THOMAS M. COOLEY SCHOOL OF LAW,
LANSING; WAYNE STATE UNIVERSITY; AND MOTT COMMUNITY COLLEGE,
DEFENDANTS-APPELLEES.
 NO. 84-1696
 United States Court of Appeals, Sixth Circuit.
 2/13/85
 
 ORDER
 BEFORE: MARTIN and JONES, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This matter has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff appeals from the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Secs. 1982, 1983 and 2000d. Plaintiff initiated this action on September 16, 1983. He alleges that his constitutional rights were violated when he was denied admission to various law schools because he had not obtained a bachelor's degree. He further alleges that his law school admissions test was graded inaccurately. He seeks ten million dollars in damages.
 
 
 3
 Following submission of defendants' motions to dismiss or for summary judgment, the district court dismissed the action holding that plaintiff: 1) failed to allege a constitutional deprivation as required under 42 U.S.C. Sec. 1983; 2) failed to establish a personal or property interest as required under 42 U.S.C. Sec. 1982; and 3) did not state a claim under 42 U.S.C. Sec. 2000d. The district court awarded attorney's fees to defendants pursuant to 42 U.S.C. Sec. 1988. Defendants have filed motions to dismiss in this Court.
 
 
 4
 Upon consideration, we conclude that the district court's judgment must be affirmed. In Parratt v. Taylor, 451 U.S. 527 (1981), the Supreme Court held that the two necessary elements of a 42 U.S.C. Sec. 1983 action are: 1) that a defendant was acting under color of state law, and 2) the plaintiff was deprived of a constitutional right. Id., at 535. See also Sanderson v. Village of Greenhills, 726 F.2d 284, 286 (6th Cir. 1984). Here plaintiff has not shown a deprivation of a constitutional right. The United States Constitution does not provide for a right to higher education. San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 35 (1973); Plyer v. Doe, 457 U.S. 202, 221 (1981), reh. denied, 458 U.S. 1131 (1982). See also Henderson v. Florida Bd. of Regents of Division of University of Dept. of Ed., 569 F.2d 1309 (5th Cir. 1978). Therefore, the district court properly dismissed plaintiff's claim that he was denied his constitutional right to a law school education.
 
 
 5
 Plaintiff's claim based on 42 U.S.C. Sec. 1982 must fail also. Plaintiff does not identify a property interest that he was deprived of. Section 1982 does not recognize education as a protected property interest. See Gonzalez v. Southern Methodist University, 536 F.2d 1071 (5th Cir. 1976), cert. denied, 430 U.S. 987 (1977). Thus, this claim was appropriately dismissed.
 
 
 6
 In addition, plaintiff fails to state a claim under 42 U.S.C. Sec. 2000d. Plaintiff's complaint does not allege that the defendants intentionally discriminated against him on the basis of his race. Construing plaintiff's complaint liberally under Haines v. Kerner, 404 U.S. 519 (1974), it appears that plaintiff is intimating that the bachelor's degree requirement has a discriminatory impact on minorities. However, he does not allege any facts to support a discriminatory impact argument. Thus, his complaint does not state a cause of action under 42 U.S.C. Sec. 2000d. See Guardian Ass'n. v. Civ. Serv. Comm'r. of City of N.Y., ---- U.S. ----, 103 S.Ct. 3221 (1983). Likewise, plaintiff's argument that the admissions policy, requiring a bachelor's degree, is a violation of the equal protection clause of the fourteenth amendment is totally without merit. Because education is not a fundamental right and there is no suspect classification present here, the 'rational relationship' test controls in this case. San Antonio Independent School District v. Rodriguez, supra; Skinner v. Oklahoma, 316 U.S. 535 (1942). It is clear that requiring a bachelor's degree for admission to law school bears a rational relationship to a reasonable state purpose. See Regents of University of California v. Bakke, 438 U.S. 265 (1978); Pappanastos v. Board of Trustees, etc., 615 F.2d 219 (5th Cir. 1980).
 
 
 7
 Finally, the decision to award attorney's fees to a prevailing defendant based on a finding that plaintiff's action was frivolous, unreasonable, or without foundation is within the district court's discretion. Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978). A finding of subjective bad faith is not necessary. Id., at 421. 'The standard of appellate review of the district court's award of attorney's fees to a prevailing party under Sec. 1988 is whether the trial court abused its discretion in making or denying the award.' Tarter v. Raybuck, 742 F.2d 977 (6th Cir. 1984). Here the district court did not abuse its discretion in awarding attorney's fees on the claims that were frivolous and without foundation.
 
 
 8
 Accordingly, it is ORDERED that the district court's order be, and is hereby, affirmed. Rule 9(d)(3), Rules of the Sixth Circuit. It is further ORDERED that defendants' motions to dismiss be, and are hereby, denied. Rule 8, Rules of the Sixth Circuit.