179 So.2d 148

**Walter W. HOILES et al.**

v.

**H. L. TAYLOR et al.**

1 Div. 284.

Supreme Court of Alabama.

Sept. 30, 1965.

Wilters & Brantley, Bay Minette, for appellants.

Jas. R. Owen, Bay Minette, for appellees.

PER CURIAM.

Respondents appeal from a decree of the circuit court of Baldwin County, in equity, that declares a certain area of land to be a public beach; and also voids and vacates certain deeds to lots located in the dedicated area.

It appears from the pleading and the evidence, pertinent thereto, that the respondent Walter W. Hoiles, on August 14, 1946, created and caused to be platted a subdivision of land referred to as "Bay View Terrace." The surveyor's certificate, appended to the drawing of the plat (copy of which is attached to this opinion and marked Exhibit

A), which was filed in the office of the Judge of Probate of Baldwin County on August 20, 1947, described the area as follows:

"Being a subdivision of the following described land: Commencing at the Northwest corner of Section 25, Township 8, South Range 5, east, thence running east 500 feet for a point of beginning; thence south 1505 feet; thence east 500 feet; thence north 1505 feet; thence west 500 feet to point of beginning."

Also appearing on the plat of record is a certificate as follows:

"I approve of the above survey.
/s/ Walter Hoiles
                Owner"

Following the above certificates is an acknowledgement of Walter Hoiles before a Notary Public whose name appears on the certificate of acknowledgement.

The lots in the plat are each 50 feet wide (North and South), and 147 feet (East and West). There is a row of 30 lots bordering the east side of Beach Avenue (29 feet in width) while there is another row of 30 lots that border the west side of Pine Avenue, 30 feet in width. The east and west ends of these lots are contiguous. The two end lots on the southside are numbered 30 and 31, a total of 294 feet east and west. From the west side of Beach Avenue (running north and south) to the east side of Pine Street (also running north and south) is a distance of 363 feet. Each street is 1505 feet long—running from the north lots to the south lots.

Appearing on the map, contiguous to and lying immediately south of lots 30 and 31 is an area marked "BEACH." This area so marked is identified by a line that joins the line marking the east side of Pine Avenue and by another line on the west that is an extension of the west line marking Beach Avenue. These two lines extend south to the water's edge (Bay La Launch). There is another line running east and west along the water's edge that connects these two north and south lines. This marked and identified area between the two extended lines is the subject of this litigation.

The complainants, who own the 60 lots lying between the two north and south avenues (Beach and Pine) of Bay View Terrace, contend Walter Hoiles dedicated the "Beach" area as a public facility, including the convenience and use of the owners or occupants of the lots platted in the Bay View Terrace. Hoiles denies such dedication when he approved the survey.

At the time the plat was drawn by the surveyor and certified by him on August 14, 1946, and approved by the owner, Walter Hoiles, on the same date, the so-called "Beach" area, along with other land on the east side of the "Beach" area, had been platted into lots. This was done on September 28, 1943—about three years prior to the Bay View Terrace plat. This plat is known as Hoiles Re-Plat of Climie Addition to Josephine, Alabama. (A copy of this plat is attached to this opinion marked Exhibit B.) We will refer to this as "Climie Addition." We will refer to the other plat as "Bay View Terrace."

The "Beach" here in litigation is composed of lots 21, 22, 23, 24 and 25, each 50 feet wide east and west. The lots run south in varying lengths to Bay Shore Boulevard that runs east and west. The south side of this Boulevard borders Bay La Launch—the water's edge.

These lots, totalling 250 feet in width (east and west), adjoin the south side of lots 30 and 31 of Bay View Terrace, and, as we stated, are contiguous on the south side to the north side of Bay Shore Boulevard.

It further appears from the evidence that on August 23, 1958, Hoiles conveyed to his wife lots 21 through 25 in Climie Addition. By successive conveyances, Hoiles and his wife thereafter conveyed the lots to the other parties respondent hereto.

The final decree, rendered pursuant to the complaint for a declaratory adjudication of

the status of the "Beach" property, and for other, further and different relief "as may be meet and proper," after first making some findings of fact, declared lots 21, 22, 23 and 25, in Hoiles replat of Climie addition, as having been dedicated by respondent Hoiles to the public as a beach; it also vacated and set aside deeds conveying lots 21, 22, 23 and 25 to some of the respondents. It did not disturb the deed from Hoiles and his wife to Claude E. Bankester and his wife conveying lot 24. This deed to lot 24 is not before us for consideration.

The trial court heard the evidence ore tenus and made a finding of fact (here challenged by assignment of error) as follows:

"At the time the respondent, Walter W. Hoiles, conveyed the said property known as Bay View Terrace to the said complainants he represented to each of them that the property lying adjacent to and immediately South of the subdivision known as Bay View Terrace and which is described as Lots 21, 22, 23, 24 and 25 of Hoiles replat of Climie Addition to Josephine and the property lying immediately South thereof to the North line of Bay La Launch had been dedicated to the public as a beach as shown on the map or plat of Bay View Terrace which map or plat is recorded in Map Book 3, page 71, Baldwin County, Alabama Records."

[redacted] We do not think the trial court erred in finding and decreeing that lots 21, 22, 23 and 25 in Climie Addition were dedicated to the public as a beach. We think the decree and the finding of fact in this respect are sustained by the map or plat of Bay View Terrace, which was approved by Mr. Hoiles and duly filed in the Probate office of Baldwin County. See §§ 13 and 14, Title 56, Code of Alabama, 1940, as follows:

"§ 13. Plat to be certified, signed by owner, acknowledged, and recorded; evidence.—The plat or map having been completed, shall be certified by the surveyor, which certificate must also be signed by the owner, his duly authorized agent or attorney, executor, administrator or guardian, and acknowledged by such owner, agent, or attorney, in the same manner in which deeds are required to be acknowledged. The plat or map, together with the certificate of the surveyor and of acknowledgment, shall be recorded in the office of the judge of probate in the county in which the lands are situated, in a suitable book to be kept for that purpose; and such acknowledgment and record shall have like effect, and certified copies thereof and of such plat or map may be used in evidence to the same extent and with like effect as in the case of deeds."

"§ 14. Operates as a conveyance, etc.—The acknowledgment and recording of such plat or map shall be held in law and in equity to be a conveyance in fee simple of such portion of the premises platted as are marked or noted on such plat or map as donated or granted to the public, and the premises intended for any street, alleyway, common, or other public use, as shown in such plat or map, shall be held in trust for the uses and purposes intended or set forth in such plat or map."

It appears to us that the Bay View Terrace plat or map appends or attaches to the area, certified by the surveyor and approved by Mr. Hoiles, lots 21, 22, 23, 24 and 25 of Climie Addition, owned by Mr. Hoiles, as he states in his approval, when the Bay View Terrace map or plat was certified, approved and filed for record. These lots are identified by lines on the map or plat as a bathing beach facility and included in the Bay View Terrace addition, although not a part of the area for development and sale. The area was dedicated also for the use and convenience of the occupants or owners of the lots, as well as the general public. The trial court correctly construed the map or plat.

Respondent Walter Hoiles, when he approved the Bay View Terrace map or plat,

knew about the Climie Addition and the division of the area into lots. He approved the engineer's work which obliterated the lots here in litigation (in Climie's Addition) and converted them into a "Beach" area.

■ Thereafter, he could not withdraw or cancel such dedication by a sale of these lots to respondents here on appeal; nor could he cancel out such dedication except in the manner provided by law. Section 14, Title 56, Code 1940.

■ When the map or plat of Bay View Terrace was recorded with the "Beach" area dedicated for use of the public as appears on said map or plat, the respondents who purchased the lots and whose deeds are cancelled by the decree were put on notice of such dedication. They were not innocent purchasers and acquired no title to the dedicated area embraced in lots 21, 22, 23 and 25, Climie Addition. We call attention that the final decree did not disturb the status of Bay Shore Boulevard shown on Climie Addition's map.

■ While the undisputed statements of Walter W. Hoiles to each of the complainants (appellees) that the "Beach" area, described as lots 21, 22, 23, 24, and 25 in Climie Addition, had been dedicated as a public beach did not within themselves establish such dedication, this evidence did shed light on the status of such area when the plat was drawn by the surveyor and approved by the owner of the land, Mr. Hoiles. The evidence supported the contention of complainants that respondent Hoiles intended when he approved the map to dedicate the area as a public beach. The evidence was admissible.

■ There is no merit in the assignment of error that the trial court erred in overruling respondents' demurrer, as follows:

"It appears on the face of the Complaint that there is a non-joinder of parties Respondents in this cause of action."

We held in Chambers v. Wright, 52 Ala. 444, 449, as follows:

"In the aspect in which the bill was framed, there was no non-joinder of parties defendant; but the demurrer for this cause did not point out who the absent parties were, and it was for this, if for no other reason, defective. Chapman v. Hamilton, 19 Ala. 121."

Also, see, Burt v. Brandon, 230 Ala. 85, 86, 159 So. 691(1) (2), from which we quote:

"It is well settled that the absence of necessary or proper parties will not be noticed on an appeal from a decree sustaining or overruling demurrers to a bill in equity, unless the question is raised by specific demurrer; that a general demurrer for want of equity does not present the question. * * *

"And to this end the demurrer must point out by name the party not joined. * * *"

It appears to us that all the parties affected by the decree were named as parties respondent and there was no omission of either a proper or necessary party.

It is our opinion that the ruling of the trial court on the aforementioned demurrer and the final decree were correct. The decree is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL, COLEMAN and HARWOOD, JJ., concur.

## APPENDIX

### Exhibit A

Exhibit B

HOILES REPLAT

OF CLINES ADDITION TO JOSEPHINE, ALA.
IN NW¼ OF SEC.25,T7BS, R.2 E.
BALDWIN COUNTY
Scale - 100ft - 1 inch

Know all men by these presents, That we Walter W. Hoiles as Proprietor and Beatrice V. Hoiles, his wife, have caused the land embraced in this annexed plat to be surveyed plotted and hereby dedicated the Bay Shore Boulevard as shown to the use, in continues of the answers of the lots contained in this plat.

Signed in presence of:
George K. Pope
Frances L. Stutts

Walter W. Hoiles
Beatrice V. Hoiles
Dated this ___ day of ___ 1943.

I hereby certify that this plat and the measurement thereon shown are true and correct to the best of my knowledge and belief.

Sep.t. 28th, 1943.
D.S. Comstock, Surveyor,
Alabama Certificate #428

N 86°10'E.

BOULEVARD

LA - LAUNCH

BAY SHORE

BAY

Filed for record, Dec. 18, 1943,
G.W. Robertson,
Judge of Probate
by Atascke, Clk.