OPINION OF THE COURT
Hilda G. Schwartz, J.
Petitioner moves for an order pursuant to CPLR article 78 *23 declaring invalid correction directive No. 4250, issued by respondent which, inter alia, limits the amount of overtime which máy be worked by correction captains with over 14 years of service to 10% more than the average worked by all captains in the subject facility or division.
Respondent contends that the object of the directive is to prevent "ballooning”, i.e., the practice of increasing an employee’s wages during the last year of his employment by working an inordinate amount of overtime for the purpose of increasing his pension. Petitioner contends that the directive, as applied to correction captains is arbitrary and capricious and that it amounts to discrimination based on age in violation of section 296 of the Executive Law.
The policy was formulated to safeguard the pension system from being unduly burdened through the practice of excessive overtime in the year before retirement. Other considerations include the protection of the health and welfare of the employees themselves and the safety of those in their charge. Under the directive, available overtime work is distributed equitably among all those employees wishing to work overtime.
The directive does not discriminate among employees based on age merely because it is applied to correction captains with 14 or more years of service. The directive was so formulated because pensions in the uniformed service vest after 15 years, so that any year after an employee’s 14th year of service may be considered his last, i.e., the year for which his total earnings are considered for the purpose of determining his retirement allowance. The fact that no employee could have 14 years of service unless he were age 32 or over does not, by itself, render the policy discriminatory on the basis of age. There has been no showing that the length of service criteria is a sham to mask unlawful age discrimination. On the contrary, the reason for the length of service criteria, protection of the rights of all employees to the soundness of the pension fund, serves a legitimate government interest.
Petitioners have not established that the respondents in issuing directive No. 4250 made a determination in violation of lawful procedure, in error of law, arbitrarily or capriciously, nor was such directive an abuse of discretion.
The petition is dismissed.