484 So.2d 459 (1985)
Jim B. McCLENDON and Nancy P. McClendon
v.
SHELBY COUNTY, et al.
Civ. 4872.
Court of Civil Appeals of Alabama.
September 11, 1985.
Rehearing Denied October 23, 1985.
Certiorari Denied January 31, 1986.
*460 Douglas Corretti and Mary Douglas Hawkins of Corretti & Newsom, Birmingham, for appellant.
Oliver P. Head and J. Frank Head of Wallace, Ellis, Head & Fowler, Columbiana, for appellee.
Alabama Supreme Court 85-180.
*461 WRIGHT, Presiding Judge.
In January 1982 the McClendons contracted to buy Lot 8 in the Meadow Brook, 6th Sector Subdivision, paying earnest money of $10,000. They had visited the site several times prior to signing the contract. The street in front of the lot appeared to be a cul-de-sac with curbs and gutters in place. In March 1982, before the closing of the sale, the McClendons were informed that the Shelby County Planning Commission (SCPC) had authorized extending the street in front of their property to connect with a neighboring subdivision. The McClendons examined the record map of the area during this time and talked to one of the planning commissioners, who confirmed the extension of the street. In spite of this knowledge, the McClendons closed the sale of the property on April 30, 1982.
The McClendons then petitioned the SCPC to contest this extension. The petition asked the SCPC to "change the plans" that it had previously approved, which called for the extension. Having previously authorized the extension in an entirely separate action, it was understandably unsure of the proper way in which to address this petition. The SCPC ultimately decided to treat the petition as a request "for approval to vacate a 60-foot right-of-way behind [the alleged] cul-de-sac circle at North End of Colonial Park Road to block future connecting road with Broken Bow Subdivision." We can find no objection in the record to the SCPC's characterization of this petition. In fact, one might say that this characterization was virtually ignored by the McClendons. The petition was denied.
An appeal was taken to the Shelby County Circuit Court. The circuit court found that one of the commissioners had acted improperly. The court set aside the SCPC's decision and allowed the McClendons to repetition the SCPC. The petition was again denied. A second appeal was taken to the circuit court, and this time the SCPC's decision was upheld. On appeal to this court, the McClendons make a number of arguments, most of which, it seems, would have more properly been made and addressed in a declaratory judgment action or perhaps even an independent action to contest the constitutionality of the act by which the SCPC was created. However, in acknowledgement of the time and energy expended on this case, by both the attorneys and the judiciary, we will address most of these arguments.
The McClendons' first and main contention is that the street in front of their property is a cul-de-sac as a matter of law. This contention, if correct, would arguably make the SCPC's decision wrong as a matter of law in that its characterization of the petition as a request "for approval to vacate" would be inaccurate. In essence, the argument is that approval of the connecting street would constitute an illegal taking of the McClendons' property without just and fair compensation. We, however, cannot agree with the McClendons' contention. The SCPC's characterization of both the street and the petition was correct. A diagram of the area will facilitate an understanding of this case.
*462 
We find substantial evidence in the record to support the proposition that the street in question is not a cul-de-sac. The subdivision regulations state clearly that a cul-de-sac is a circle with certain specified dimensions. The diagram clearly shows that Colonial Park Road dead-ends at the boundary of the subdivision. There is no circle, but only an area to facilitate the turn around of automobiles or emergency vehicles as provided for by these same subdivision regulations. Moreover, there exists an actual cul-de-sac in the very same subdivision. The following diagram shows this to be a fully-closed circle surrounded by wedge-shaped lots.

Once a plat or map is recorded in the office of the probate court in the county where the land lies, the streets, avenues and highways are held to be dedicated to the public. § 35-2-51, Code of Alabama 1975. See Talley v. Wallace, 252 Ala. 96, 39 So.2d 672 (1949). Once an area is dedicated, the parties who purchase surrounding *463 lots are put on notice of such dedication. Hoiles v. Taylor, 278 Ala. 515, 179 So.2d 148 (1965). Thus, in the present case, the entire street in question was dedicated to the public. This dedication included the entire area up to the actual boundary of the subdivision. As this map was recorded well before the McClendons purchased their property, they were put on notice of such dedication. Because of this, logically, the SCPC was correct in its characterization of the McClendons' petition as a request for approval to vacate. The SCPC does not have the power to actually vacate a public street. See §§ 23-4-1 to -20, Code of Alabama 1975.
We note that local governing authorities are presumed to have a superior opportunity to know and consider the general welfare of an area. See Episcopal Foundation v. Williams, 281 Ala. 363, 202 So.2d 726 (1967); Sanders v. Board of Adjustment, 445 So.2d 909 (Ala.Civ.App.1983). The question becomes whether the decision of the planning commission, denying the McClendons' request, was arbitrary and capricious in that it was unrelated to the public health, safety, morals or general welfare. City of Mobile v. Waldon, 429 So.2d 945 (Ala.1983). The trial court held that the decision was not arbitrary and capricious. If supported by evidence, this decree is favored with a presumption of correctness and is not to be disturbed, unless it is plainly or palpably wrong or manifestly unjust. Hall v. Jefferson County, 450 So.2d 792 (Ala.1984). Our standard of review, once a substantial relationship to the promotion of public health, safety or general welfare has been determined, is whether the SCPC's denial is founded upon "fairly debatable" factual and policy issues. See Hall v. Jefferson County, supra.
We find ample evidence in the record before us to show that the decision had a substantial and obvious relation to the public health, safety, and general welfare of those persons in Shelby County. We also find that the decision was founded upon "fairly debatable" factual and policy issues. Testimony by witnesses, including that of experts, showed that the connecting road would improve fire and police protection, facilitate utility connection, reduce commuting time for residents and improve safety in the event of catastrophic fire or storm. Thus, the decision of the SCPC not to approve the McClendons' request was not arbitrary and capricious. The decision of the trial court was not plainly and palpably wrong and must be affirmed.
Incidentally, we note that any contention that the SCPC's decision at the first hearing was arbitrary and capricious would now be moot. Any error made in the first hearing has been cured by the second hearing and subsequent appeals.
Our decision that Colonial Park Road does not end in a cul-de-sac obviates the need to address the McClendons' arguments concerning estoppel, the vested rights doctrine and 42 U.S.C. §§ 1983, 1988. As the property had already been properly dedicated to the public, there has been no deprivation or detriment to consider.
The McClendons attempt to make a number of arguments concerning the constitutionality of 1982 Ala. Acts 693, as amended by 1984 Ala. Acts 454. This act created the SCPC.
Counsel for the SCPC strongly argues, and we think correctly, that the rationale of the supreme court's decision in Byrd Companies, Inc. v. Jefferson County, 445 So.2d 239 (Ala.1983), should prevent the McClendons from requesting approval from the SCPC while at the same time and in the same action contesting the constitutionality of the act establishing such commission's authority. We note, however, without condoning the McClendons' methods as proper, that such a decision might cause an unnecessary waste of both judicial and attorney time and expense. As did the supreme court in Byrd then, we address the McClendons' main contentions.
The McClendons first argue that the act constitutes an unlawful delegation of legislative and judicial powers. Particularly, it is argued that section 14 of the act violates the doctrine of separation of powers.
*464 A very good argument can be made that the McClendons have not established the necessary standing to contest the constitutionality of the act in question. There has been no argument made that would even suggest any "causal connection" between the injury they allege and the unconstitutionality of the act. Thus, there has been no showing that the McClendons would benefit personally from the court's intervention. See Warth v. Seldin, 422 U.S. 490, 508, 95 S.Ct. 2197, 2210, 45 L.Ed.2d 343 (1975). In other words, we fail to see how striking section 14 of the act as unconstitutional will benefit the McClendons in any way. The street in question would still not be a cul-de-sac, and the McClendons will still not have complied with §§ 23-4-1 to -20, Code 1975.
We note, however, that the McClendons' argument must still fail on the merits. Only three powers are granted the SCPC by section 14. Two of these deal with special exceptions and variances, powers which have long been recognized as validly delegable. See generally Ala.Digest, Zoning and Planning, Key No. 484 (Supp.1985), 101A C.J.S. Zoning and Land Planning §§ 228-29 (1979). The third, stated as the power "to hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by the Commission or official in the enforcement of this article or any regulation adopted pursuant thereto" is merely providing the SCPC with the power to reconsider its own decisions. It is generally recognized that an administrative agency has the power to do this as long as the legislature has granted such authority. See generally 73A C.J.S. Public Administrative Law and Procedure § 161 (1983). Further, the legislature of a state may delegate to an administrative body the power to make rules and decide particular cases. State ex rel. Dyer v. Sims, 341 U.S. 22, 71 S.Ct. 557, 95 L.Ed. 713 (1951). This includes the power to delegate adjudicatory or quasi-judicial duties. Ex parte Darnell, 262 Ala. 71, 76 So.2d 770 (1954). As noted in 73A C.J.S. Public Administrative Law and Procedure § 161 (1983):
"Legislative acts granting to an administrative agency quasi-judicial power are valid, where the legislature has laid down the policy and established the standards while leaving to the agency the determination of facts to which the legislative policy is to apply."
See also Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1960). See generally 73A C.J.S. Public Administrative Law and Procedure § 10b (1983). There has been no issue raised as to the validity, or lack thereof, of a clear standard to apply under section 14.
The McClendons also contend that the selection process for commissioners provided for by the act unlawfully discriminates in that it limits selection to resident "freeholders" of Shelby County. We cannot agree.
The basic tenet of the equal protection clause is that all persons similarly situated must be treated equally. Eagerton v. Gulas Wrestling Enterprises, Inc., 406 So.2d 366 (Ala.1981). It does not, however, require that a statute necessarily apply equally to all persons or require that things different in fact be treated in law as though they were the same. Hall v. McBride, 416 So.2d 986 (Ala.1982). Eagerton v. Gulas Wrestling Enterprises, Inc., supra.
We note that there has been no argument that either a fundamental right or a suspect classification is involved in the present case. Thus, the only question is whether the classification bears a rational relation to a legitimate state interest. Board of Trustees of Policemen's and Firemen's Retirement Fund v. Cardwell, 400 So.2d 402 (Ala.1981); Madison v. Lambert, 399 So.2d 840 (Ala.1981). See also Pappanastos v. Board of Trustees of University of Alabama, 615 F.2d 219 (5th Cir. 1980).
The McClendons argue that the classification in the present case is irrational, because in two hypothetical situations such a classification does not make logical sense. We must simply ask whether "any state of *465 facts reasonably may be conceived to justify" the challenged qualification. McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). Accord Salyer Land Co. v. Tulare Lake Basin Water Storage District, 410 U.S. 719, 93 S.Ct. 1224, 35 L.Ed.2d 659 (1973); Pappanastos, supra. Thus, if it can be reasonably concluded that the "freeholder" qualification promotes a legitimate state interest, it must be sustained. See Exxon Corp. v. Eagerton, 462 U.S. 176, 103 S.Ct. 2296, 76 L.Ed.2d 497, on remand, Eagerton v. Exchange Oil and Gas Corp., 440 So.2d 1031 (Ala.1983). A similar test would be applied to any challenge based on a denial of due process. See Jones v. Alabama State Docks, 443 So.2d 902 (Ala.1983); Juneman Electric, Inc. v. Cross, 414 So.2d 108 (Ala. Civ.App.1982).
We cannot say that it is irrational for the legislature to conclude that, for the most part, those persons having the greatest interest in land-planning in Shelby County, i.e. freeholders, should also be the persons best qualified to make land-planning decisions. In fact, it is quite logical for the legislature to make such a conclusion. The rationale for such a conclusion is similar to that used in establishing the aforementioned presumption that local governing bodies have a superior opportunity to know and consider the interests involved and to consider the general welfare of the area involved. Cf. Sanders v. Board of Adjustment, supra. We, therefore, uphold the act.
In view of our decision on the first issue, and the fact that it was not discussed in brief by either party, we discern no reason to determine if § 6-6-227, Code of Alabama 1975, applies in this case as in the recent cases of Barger v. Barger, 410 So.2d 17 (Ala.1982), and Guy v. Southwest Alabama Council on Alcoholism, 475 So.2d 1190 (Ala.Civ.App.1985).
In light of the foregoing, we are of the opinion that the trial court's decision that the SCPC has not acted arbitrarily or capriciously in denying the McClendons' petition was correct. Further, there is no sound challenge that can be made to the constitutionality of Act No. 82-693, as amended by Act No. 84-454. We are therefore of the opinion that the trial court's decision is due to be affirmed.
AFFIRMED.
HOLMES, J., concurs.
BRADLEY, J., concurs specially.
BRADLEY, Judge, concurring specially:
I agree with the majority that the first issue decided, i.e. that the street in front of the McClendons' property is not a cul-de-sac as a matter of law, is dispositive of the appeal. Consequently, I see no need to consider the constitutional issues presented or whether they were properly presented to the trial court. See Guy v. Southwest Alabama Council on Alcoholism, 475 So.2d 1190 (Ala.Civ.App.1985). Hence, I do not agree or disagree with the decision in this aspect of the case.