ROBERTSON, Presiding Judge.
Two police officers with the City of Florence Police Department (Department) appeal from a summary judgment entered by the Circuit Court of Lauderdale County.
In 1986 the Department, with the approval of the Civil Service Board of the City of Florence (Board), implemented a pay plan for its employees, whereby persons holding the rank of police officer were to be classified according to three grades, PO-7, PO-8, and PO-9, with PO-9 being the highest paid grade within the rank. In an effort to ensure that no then-employed police officer would suffer a salary decrease due to the new pay plan, the Department provided that all officers holding the grade of PO-8 would be “grandfathered” in at that grade so that they could not in the future be demoted below this pay level. At the same time, the Department, with Board approval, implemented written job descriptions for the respective grades of police officer.
In October 1989, following numerous complaints from police officers that the criteria used by the Department in evaluating and *952 promoting officers were unclear and overly subjective, the Department appointed a committee to review the job descriptions for each grade and to recommend needed changes. The committee consisted of 10 persons holding the grade of PO-8 and PO-9, including officers Keith Johnson and William R. Johnson,. Jr., the appellants in this ease.
Over the next several months, the committee reviewed the Department’s job descriptions and presented its recommendations to Department management, which would assess the recommendations and carry them back to the committee for additional input. By the fall of 1990, new job descriptions had been written for each of the three grades of the Department’s police officers. Although there were no material changes in the duties, responsibilities, or authority of each grade, the qualifications for each grade were redefined.
In November 1990 the Board approved and adopted the new job descriptions. The Department formally implemented the new job descriptions in early January 1991. An orientation session was held with all sworn police officers, and the new job descriptions were reviewed and compared with the Department’s old job descriptions. Officers were informed that those officers already holding the grade of PO-9 must comply with any new requirements in October 1991, and that those wishing to advance to PO-9 would be required to meet the requirements as of that date.
Pursuant to the new job descriptions, grade PO-9 officers were required to maintain a minimum average score of 85% on the Department’s semiannual firearms shooting tests. (Prior to 1991, a PO-9 was required, by job description, to have “the ability to score above average” on the shooting test; Department records show a historical average of 84.34% for all rounds shot.) As provided by the new job descriptions, failure to maintain the shooting standard of 85% would result in a PO-9’s being placed on probation during a departmental evaluation period. If a PO-9 failed to meet the shooting requirements for two consecutive evaluation periods, he or she would be demoted to grade PO-8.
In November 1991 both appellants held the grade of PO-9. However, both failed to meet the shooting requirement of 85% on the Department’s firearms test. As a consequence, both received letters from the Department notifying them that they were on probation and that their failure to satisfy the Department’s shooting requirements at the next testing session in January 1992 would result in their being demoted to PO-8. When the appellants did not meet the required shooting standard of 85% in January, the chief of the Department demoted them to PO-8. The appellants appealed their demotions to the Board, and, following an eviden-tiary hearing, the Board approved the demotions.
Pursuant to 1971 Ala. Acts, No. 1619 (Reg. Session), the appellants appealed the Board’s decision to the circuit court for a jury trial de novo. The appellants maintained: (1) that police officers for the City of Florence may be demoted only upon being found guilty of violating a rule and regulation found in the Department’s Manual of Rules & Regulations, or in the Board’s Rules & Regulations, or upon violating the provisions of a special or general order, or upon being convicted in a court of criminal jurisdiction (see Department’s Manual of Rules & Regulations § 3.3.35.13); that the job description requiring a PO-9 to maintain an average score of 85% on the Department’s shooting test was not, in actuality, a “rule and regulation” of the Department or the Board; and that, therefore, neither the chief of the Department nor the Board had the authority to order the appellants’ demotions; (2) that even if the chief of the Department and the Board had the authority to order the demotions, the Department’s job descriptions had been selectively enforced; (3) that the Department’s pay plan and job descriptions were arbitrary, unreasonable, and discriminatory and therefore could not withstand an equal protection analysis; and (4) that pursuant to 1971 Ala. Acts, No. 1619, the question of punishment for violating a rule and regulation of the Board is a matter for the jury. The appellants consented to the consolidation of their cases on appeal.
*953 The Board moved to have the appeal dismissed and filed a motion for summary judgment, contending that there existed no genuine issue of material fact and that it was entitled to a judgment as matter of law. On November 4, 1992, after considering the pleadings, motions, and various accompanying affidavits and exhibits in support thereof, the trial court concluded that (1) the job description requiring a PO-9 to maintain an average score of 85% on the Department’s shooting test was a “rule and regulation” of the Board and that, therefore, the chief of the Department had authority to demote the appellants with the Board’s approval; (2) there was no evidence that the Department’s job descriptions had been selectively enforced; (3) the Department’s pay plan and job descriptions rested on some ground of difference having a fair and substantial relation to the object of regulation and, therefore, could survive attack based on equal protection; (4) the appellants were not entitled to a jury trial on the punishment to be imposed. Accordingly, the trial court entered a summary judgment in favor of the Board.
The appellants contend that the trial court erred by granting summary judgment.
Summary judgment is proper when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987). To prevent summary judgment after the movant has produced evidence of a prima facie right to a judgment as a matter of law, the opposing party must show, by admissible evidence, the existence of a genuine issue of material fact. Id. A party may not rely on the allegations of its pleadings alone to support or oppose a motion for summary judgment, but must instead provide the court with at least one of the kinds of evidence called for by Rule 56, A.R.Civ.P. Crowder v. Correctional Medical Systems, 497 So.2d 486 (Ala.1986).
With the above-cited principles in mind, we have carefully reviewed the entire record in the light most favorable to the appellants, Mann v. City of Tallassee, 510 So.2d 222 (Ala.1987), and we are unable to hold that the trial court erred in granting the Board’s motion for summary judgment.
The Board operates under the authority granted to it by 1947 Ala. Acts, No. 437 (Reg. Session). That act provides, inter alia, that employees of the Department shall be governed by civil service regulations under the direction and supervision of the Board and that such employees “shall ... remain and continue in their respective employments ... during good behavior, efficiency, and obedience to such reasonable rules and regulations as may, from time to time, be prescribed by the ... board.” Act No. 437, § 1.
The act further provides that
“the ... board shall make rules and regulations to carry out the purpose of this article, and for examinations, appointments and removals in accordance with its provisions and the board may, from time to time, make changes in the existing rules.... The board may make rules and regulations relating to the eligibility for promotion. The chief of the ... Department ... shall have authority ... to demote any member of the ... Department] by and with the consent and approval of the civil service board.”
Act No. 437, § 4.
With respect to the Department’s new job descriptions, including the firearms shooting requirement, the trial court stated as follows:
“The [appellants] filed with the Court some several affidavits by police officers of the City of Florence saying that they were never informed either in writing or orally that the job descriptions were ‘rules, regulations, general orders, or special orders of the Florence Police Department.’ It is, however, obvious to the Court, and should have been obvious to the [appellants], that the new job descriptions were in fact a rule or regulation of the civil service board properly adopted by the board and implemented by the police department. The [appellants] were fully informed of the rule and of the consequences of not maintaining the standards required by the rule. The fact that it was labeled ‘job description’ instead of ‘rule and regulation’ is merely a matter of form and the job descriptions, in substance, are a rule and regulation.”
*954 We agree with the trial court’s findings as to this issue and adopt them as our holding. The question of whether the Department’s job description was a “rule and regulation” of the Board was a matter of law to be decided by the trial court. As the trial court stated by way of a footnote in its order, to hold that the job description at issue was not a rule and regulation “would defy logic and would require a slavish commitment to form and labels over substance and common sense.”
In determining whether summary judgment is appropriate, this court is limited to reviewing the same evidence considered by the trial court when it granted a summary judgment motion. Turner v. Systems Fuel, Inc., 475 So.2d 539 (Ala.1985). We concur with the trial court’s finding that the appellants submitted absolutely no evidence of intentional discrimination or that the job descriptions have been “selectively or arbitrarily” enforced.
We further agree with the trial court that the job descriptions were not vio-lative of principles of equal protection. If a classification created by legislation is to withstand an equal protection analysis, it must be reasonable, not arbitrary, and must rest on some ground of difference having a fair and substantial relation to the object of the legislation so that all persons in a similar position would be treated essentially the same. Stanton v. Stanton, 421 U.S. 7, 95 S.Ct. 1373, 43 L.Ed.2d 688 (1975). It is manifestly apparent that a municipality has a legitimate interest in its police officers’ having a high degree of expertise with their weapons and in remunerating its officers according to such expertise. As shown by statistics of the Department, the required shooting scores are attainable. It is undisputed that the appellants were demoted because they failed to meet the requirements of grade PO-9 and that these requirements apply to all PO-9s.
The appellants contend that they should have been “grandfathered” in as grade PO-9 officers, as were grade PO-8 officers who were employed with the Department when the new pay plan was adopted in 1986. However, at the time the new pay plan was adopted, the salary for grade PO-8 was the base salary for officers with the Department. If a PO-9 were to, in the future, drop to grade PO-8, he or she would not then have a salary below the base salary for officers at the time the Department adopted its pay plan. The same would not apply, however, for PO-8s falling to the grade of PO-7. The Department, when changing its pay plan and job descriptions, had an interest in protecting its current employees to ensure that they would not be unfairly affected by the changes. There is a valid distinction between the employees then employed and the employees to be employed in the future. Employees Retirement System of Alabama v. Oden, 369 So.2d 4 (Ala.1979).
Finally, we agree with the trial court that the appellants were not entitled to have a jury set their punishment. The job description for grade PO-9 includes within it the following provision:
“Once an officer has attained a Grade 9 rating, he or she must continue to satisfy the requirements for their rating. Failure to meet the requirements during a subsequent training or testing period will result in being placed on probation. Failure to meet these requirements during two (2) consecutive training or testing periods will result in demotion to Grade 8.”
As the trial court found, the Board had no right to impose a lesser or greater penalty than was set out in the rule. A jury sitting in the place of the Board, as dictated by Act No. 1619, 1971 Ala. Acts, also could give no lesser or greater penalty than that set out in the rule. Therefore, there was no issue of punishment to be considered by the jury on de novo appeal to the circuit court, and the appellants were not entitled to a jury trial on the punishment imposed by the Board. Ex parte City of Florence, 417 So.2d 191 (Ala.1982).
In view of the above, we hold that the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.