L. CHARLES WRIGHT,
Retired Appellate Judge.
This is an appeal from the entry of a summary judgment in favor of the Marion County Board of Education.
The record reflects that before the 1989-90 school year, each of the six schools in the Marion County school system hired its own lunchroom employees and set their salaries. In February 1990 the Board centralized the program and adopted a salary schedule, calling for “skilled workers” to be paid $6.50 per hour. The schedule also provided that any employees already being paid by their local schools at hourly rates higher than those rates specified in the new salary schedule would be “grandfathered,” that is, their pay rates would not be reduced. All new employees, however, would be paid according to the salary schedule, and any present employee whose pay was less than the applicable rate provided in the schedule would be brought up to that level.
Debra Harris was classified as a “skilled worker,” earning less than the highest-ranked “grandfathered” employee. Due to the discrepancy in pay, she alleged that the establishment of the pay schedule denied her, and others similarly situated, equal protection of the laws.
Both Harris and the Board filed motions for summary judgment. Following argument by counsel, the trial court entered a summary judgment in favor of the Board.
Harris asserts that the trial court erred in refusing to find that the establishment of the pay schedule denied her equal protection.
The basic tenet of the equal protection clause is that all persons similarly situated must be treated equally. McClendon v. Shelby County, 484 So.2d 459 (Ala.Civ.App.1985). It does not, however, require that a policy necessarily apply equally to all persons *31 or require that things different in fact be treated in law as though they were the same, McClendon.
If reasonable minds may differ as to the wisdom of an administrative board’s action, or if there appears some reasonable basis for the distinction made by the board, such action is conclusive, and the court will not substitute its judgment for that of the board. Hughes v. Jefferson County Board of Education, 370 So.2d 1034 (Ala.Civ.App.1979).
This court will not set aside the judgment of the trial court unless the judgment is plainly and palpably contrary to the evidence. Hughes.
There has been no argument that either a fundamental right or a suspect classification is involved in the case. Thus, the question is whether the classification bears a rational relation to a legitimate board interest. McClendon; Employees’ Retirement System v. Oden, 369 So.2d 4 (Ala.Civ.App.1979).
Harris asserts that there is no rational basis for the distinction between those skilled workers who are paid the amount prescribed by the salary schedule and those who are paid more. We disagree. We find that the Board had a legitimate interest in protecting its current employees to ensure that they would not be unduly affected by the establishment of the pay schedule. Johnson v. Civil Service Bd., 627 So.2d 950 (Ala.Civ.App.1993). No employee’s pay was raised or lowered. The status quo was maintained only until the present employees were employed. To have done otherwise would have endangered a loss of skilled employees in those schools which had previously paid higher wages.
The trial court did not err in entering a summary judgment in favor of the Board. Its judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.[1]
AFFIRMED.
Ml the Judges concur.

. This case was assigned to the author of this opinion on June 7, 1994.