ROBERTSON, Presiding Judge.
Mac Smith, Inc., a/k/a Mac Smith Builders, Inc., filed a complaint in the Madison County Circuit Court against James and Vanessa Fish, alleging that Mac Smith, Inc., had not been paid pursuant to an alleged agreement entered into by the parties whereby Mac Smith, Inc., was “to install cabinets and other work in and about the construction of a home” for the Fishes. Mac Smith, Inc., claimed a lien upon the real property and all improvements located theifeon and sought a judgment in the amount of $8,840.87.
The record reflects that James and Vanessa Fish entered into a contract with Winston Davis, d/b/a Silver Creek Custom Home Builders, for the completion of a new house in Huntsville, Alabama, in June 1992. Davis hired and scheduled various subcontractors and suppliers for the construction of the Fishes’ house. Davis ordered cabinets for the Fishes’ house through Mac Smith, Inc., and gave him a $2500 deposit for the purchase of the cabinets.
Davis also had an ongoing business relationship with Mac Smith, Inc., whereby Davis wrote insurance estimates for Mac Smith, Inc., and was paid on a commission basis. When Hurricane Andrew hit South Florida in 1992, Winston Davis left Huntsville and went to Florida to write insurance repair estimates for Mac Smith, Inc.
While Davis was in South Florida, Mae Smith, Inc., began doing work (cabinets, driveway, yard leveling, etc.) on the Fishes’ house. It is undisputed that Mac Smith, Inc., did this work on the Fishes’ house. The dispute arises over who requested Mac Smith, Inc., to perform the work on the Fishes’ house. Mac Smith, Inc., contends that its president, Charlie McCall Smith, reached an agreement with Mr. Fish whereby Mac Smith, Inc., would do certain work on the house on a “cost plus basis.” The Fishes contend that they never had an agreement with Mae Smith, Inc., and that their only agreement was with Winston Davis. The Fishes further contend that they have paid Davis in full and that Mac Smith, Inc., is “coming after them” because Davis has not paid Mac Smith, Inc.
*773 On December 9, 1993, the Fishes filed a motion for summary judgment on the contract claim of Mac Smith, Inc., which was granted by the trial court on February 22, 1994. The trial court amended its order to comply with the language of Rule 54(b), Ala. R.Civ.P., to make the summary judgment a final judgment.[1]
Mac Smith, Inc., appeals, contending that it was error for the trial court to enter the summary judgment because, it argues, there were genuine issues of material fact to be resolved by the trier of fact.
First, Mae Smith, Inc., argues that the trial court erred in considering the deposition of Winston Davis. Specifically, it argues that the deposition was not signed in compliance with Rule 30(e), Ala.R.Civ.P., and that the parties did not stipulate to a waiver of the signing of Winston Davis’s deposition.
The Fishes argue that Mac Smith, Inc., waived any objection to the signature requirement of Rule 30(e) by not objecting to the use of Winston Davis’s deposition within a reasonable time. Rule 32(d)(4), Ala.R.Civ. P., states:
“(4) As to Completion and Return of Deposition. Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, indorsed, transmitted, filed, or otherwise dealt with by the officer under Rules 30 and 31 are waived unless a motion to suppress the deposition or some part thereof is made unth reasonable promptness after such defect is, or unth due diligence might have been, ascertained.”
(Emphasis added.)
Mac Smith, Inc., cites Wiginton v. Hagler, 585 So.2d 5 (Ala.1991), in support of its position that the unsigned deposition should not have been considered by the trial court. In Wiginton, the defendant did not object to the use of an unsigned deposition until trial. Our supreme court held that the objection made pursuant to Rule 32(d)(4), was timely because until trial the defendant had had no notice that the plaintiff intended to use the unsigned deposition.
In this case, Mac Smith, Inc., did not object to the fact that Winston Davis’s deposition was not signed until the court held a hearing on the Fishes’ summary judgment motion on February 11, 1994. Mac Smith, Inc., was given notice as early as June 25, 1993, when the Fishes referred to Winston Davis’s deposition in their response to a motion for summary judgment filed by Mac Smith, Inc. Thereafter, Winston Davis’s deposition was mentioned in the Fishes’ brief in opposition to the motion for summary judgment filed by Mac Smith, Inc., on June 25; in the Fishes’ motion for summary judgment filed on December 9,1993; and in the Fishes’ brief in support of their motion for summary judgment filed on January 10, 1994. Mac Smith, Inc., did not move to suppress, or object to the use of, the unsigned deposition with reasonable promptness, consequently, we cannot hold that the trial court erred in considering Winston Davis’s deposition.
Next, Mac Smith, Inc., argues that there were genuine issues of material fact and, therefore, that it was error for the trial court to grant the Fishes’ motion for summary judgment. See Rule 56(c), Ala.R.Civ.P.
An appellate court reviewing a summary judgment uses the same standard used by the trial court when it rules on a summary judgment motion. Southern Guaranty Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989). A summary judgment is proper when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(e); Johnson v. Civil Service Board of the City of Florence, 627 So.2d 950 (Ala.Civ.App.1993). After the movant has made a prima facie showing that he is entitled to a judgment as a matter of law, the opposing party must show by substantial evidence that there is a genuine issue of material fact that would require a resolution by a factfinder. Johnson v. Citizens Bank, 582 So.2d 576 (Ala.Civ.App.1991). Substantial evidence is “evidence *774 of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). Like the trial court, the appellate court views the evidence and resolves all reasonable doubts in favor of the nonmovant. Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala.1990).
In support of their motion for summary judgment, the Fishes submitted their affidavits; Mr. Fish’s deposition; and the deposition of Winston Davis. The Fishes’ affidavits stated, in substance, that they had never entered into a contract with Mac Smith, Inc., and that the only contract they had entered into for the completion of their home was with Winston Davis. Additionally, in Mr. Fish’s deposition, he claimed that his understanding was that Mac Smith, Inc., was doing work on his house pursuant to an agreement that it had with their original contractor, Winston Davis.
Through deposition testimony, Winston Davis testified that, when he went to South Florida to do estimate work, he was still considered the general contractor and that he had left his brother-in-law, Roger Sowell, in charge of the construction of the Fishes’ house. Davis testified that he and Charlie McCall Smith, had reached a mutual understanding pursuant to which Davis and Mac Smith, Inc., were to trade services in order to help one another. He said that Mac Smith, Inc., was to assist Sowell in completing the Fishes’ house while Davis went to Florida to write insurance repair estimates for Mac Smith, Inc. Davis testified that he personally asked Mac Smith, Inc., to install the cabinets. Davis further testified that he was requesting and receiving draws for the construction of the house from the Fishes during the time that Mac Smith, Inc., was doing the work on the Fishes’ house. Davis stated that the Fishes did not owe him any more money. Davis testified that as part of his agreement with Mac Smith, Inc., he used some of the draw money he received from the Fishes to pay employees of Mae Smith, Inc., who were working with Davis in Florida. Davis also paid Mac Smith, Inc., employees with funds that were made available by stopping payment on a cheek that he had sent to Mac Smith, Inc. That check represented the balance that he owed Mac Smith, Inc., for the cabinets that he had ordered through Mac Smith.
In opposition to the Fishes’ motion for summary judgment, Mac Smith, Inc., submitted the affidavit of its president, Charlie McCall Smith, who stated in pertinent part:
“I was personally requested by Mr. Fish to do work at the property belonging to Mr. and Mrs. Fish. That request was made by Mr. Fish in person. Mr. Fish showed me personally how he wanted his yard to be leveled and he indicated to me at the same time some debris that needed to be removed from the property. At the time of our conversation we discussed the installation of the driveway as well as specifically the width of the driveway. There were discussions held relative to an extra water meter being installed for the Fishes’ sprinkler system at the house. Other discussions were held relative to the brick steps leading into the house as well as the fireplace inside the house. Mr. Fish made numerous inquiries of me about the construction of the home on the date of this conversation.
“The Fishes agreed to pay my company for the work that was to be performed at the site. I specifically discussed with Mr. Fish that my work would be done on a cost-plus basis.”
Also, Mac Smith, Inc., submitted the deposition of Charlie McCall Smith. Smith testified by-deposition that Winston Davis told him that Mac Smith, Inc., should finish the house and charge the Fishes on a cost-plus basis.
Our review of the record indicates that Mac Smith, Inc., failed to meet its burden of presenting substantial evidence creating a genuine issue of material fact. Mac Smith, Inc., failed to rebut Davis’s testimony that Davis had asked Mac Smith, Inc., to install the cabinets. Also, Mae Smith, Inc., did not rebut the Fishes’ evidence that they had continued to pay Davis as their contractor for work done on their house while Davis was in Florida. Likewise, Mac Smith, Inc., *775 failed to rebut the evidence indicating that Davis had paid employees of Mac Smith, Inc., with the draw money Davis received from the Fishes. Mac Smith, Inc., also failed to rebut the evidence that Davis had paid employees of Mac Smith, Inc., with money made available by stopping payment on the check that was sent to Mac Smith, Inc., for payment of the balance of the cabinets. When a party opposing a motion for summary judgment offers no substantial evidence to contradict that presented by the movant, the trial court must consider the movant’s evidence uncontroverted. Shows v. Donnell Trucking Co., 631 So.2d 1010 (Ala.1994). Because Mac Smith, Inc., failed to present substantial evidence contradicting the Fishes’ evidence set out above, the trial court was forced to view that evidence as uncontrovert-ed, and, therefore the summary judgment was proper.
Moreover, the response offered by Mac Smith, Inc., to the Fishes’ motion for summary judgment did no more than verily the facts alleged in the complaint. Evidence offered in response to a properly supported motion for summary judgment must do more than verify the allegations contained in the complaint and must present facts that would be admissible at trial. Bass v. SouthTrust Bank of Baldwin Co., 538 So.2d 794 (Ala. 1989).
Even viewing the record in a light most favorable to Mac Smith, Inc., we conclude that the trial court properly entered the summary judgment in favor of the Fishes. Accordingly, that judgment is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.

. The Fishes still have pending against Mac Smith, Inc., a counterclaim alleging slander of title, abuse of process, and malicious prosecution.