This case presents the issue whether § 22-11A-2, Ala. Code 1975, which requires physicians, dentists, and certain other persons to report cases or suspected cases of "notifiable diseases" and health conditions, such as HIV infections and AIDS cases, to the Alabama State Board of Health, is discriminatory and therefore violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.
Dr. Mark Middlebrooks, a physician practicing in Jefferson County, specializes in infectious diseases. Through his practice, Dr. Middlebrooks diagnoses and treats patients who are infected with HIV and AIDS. Under the provisions of §22-11A-2, Dr. Middlebrooks is within the class of persons required to report all cases of HIV infection and AIDS to the State Board of Health. The required reports are to include the names and addresses of persons infected.[1] *Page 892 
In July 1993, Dr. Middlebrooks was contacted by officials of the Jefferson County Health Department, who requested that he comply with the reporting mandate of the statute and with the rules of the State Board of Health. (See note 1.) Dr. Middlebrooks provided certain statistical data, as the statute and regulatory rules required, but he refused to provide the names and addresses of his patients.
On September 8, 1994, the State Board of Health filed this action against Dr. Middlebrooks, seeking to compel him to disclose the names and addresses of his HIV and AIDS patients, as required by statute and rule. On March 13, 1996, the trial court entered an order compelling disclosure; Dr. Middlebrooks appealed.
Dr. Middlebrooks primarily contends that the statutory and regulatory scheme violates the Equal Protection Clause of the Fourteenth Amendment because persons or entities not listed in the statute are authorized by regulations adopted by the Federal Food and Drug Administration to sell confidential HIV-testing kits and the sellers of those kits are not required to report the names and addresses of the purchasers. Dr. Middlebrooks argues that he is subjected to discriminatory treatment because he is required to report the names and addresses of his HIV and AIDS patients while those who sell the testing kits and out-of-state testing laboratories that evaluate the test results are not required to report the names and addresses of those persons who test positive.
In order to address Dr. Middlebrooks's arguments, we believe it essential to discuss briefly the right of privacy in regard to disclosure of medical information relating to diseases such as HIV and AIDS.
The United States Supreme Court has stated:
 "[D]isclosures of private medical information to doctors, to hospital personnel, to insurance companies, and to public health agencies are often an essential part of modern medical practice even when the disclosure may reflect unfavorably on the character of the patient. Requiring such disclosures to representatives of the State having responsibility for the health of the community, does not automatically amount to an impermissible invasion of privacy."
Whalen v. Roe, 429 U.S. 589, 602, 97 S.Ct. 869, 878,51 L.Ed.2d 64 (1977). In United States v. Westinghouse Electric Corp.,638 F.2d 570, 578 (3d Cir. 1980), the United States Court of Appeals for the Third Circuit established factors for a court to consider when determining "whether an invasion into an individual's records is justified." Those factors are:
 "[T]he type of record requested, the information it does or might contain, the potential for harm in any subsequent nonconsensual disclosure, the injury from disclosure to the relationship in which the record was generated, the adequacy of safeguards to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access."
Id.
After weighing the Westinghouse factors, we hold that the prevention of the spread of HIV and AIDS is a legitimate governmental *Page 893 
interest, and that, even in regard to HIV and AIDS, where, in some situations, the disclosure may reflect unfavorably on the character of the patient,[2] the State can require disclosure to representatives of the State having responsibility for the health of the community, and that the disclosure required by §22-11A-2 does not amount to an impermissible invasion of privacy. The statute and the regulatory rules adopted pursuant thereto have adequate safeguards to protect the medical records from unauthorized disclosure.
Now that we have determined that § 22-11A-2 does not violate the right to privacy, we must decide whether Dr. Middlebrooks's constitutional right to equal protection is violated by the fact that § 22-11A-2 does not apply to the stores that market and sell at-home HIV testing kits and out-of-state testing labs that analyze the results of the tests.
The purpose of the Equal Protection Clause is to prevent states from enacting legislation that treats persons "similarly situated" differently. City of Cleburne v. Cleburne LivingCenter, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249, 3254,87 L.Ed.2d 313 (1985). "It does not, however, require that a statute necessarily apply equally to all persons or require that things different in fact be treated in law as though they were the same." McClendon v. Shelby County, 484 So.2d 459, 464
(Ala.Civ.App. 1985).
We conclude that the State has made a reasonable classification in this instance. It appears to us that the out-ofstate testing labs that analyze the results of the testing kits are not, as to those required to report HIV and AIDS cases under § 22-11A-2, similarly situated.[3]
We conclude that the trial judge properly ordered Dr. Middlebrooks to disclose to the State Board of Health the names of his patients infected with HIV and AIDS. The judgment is, therefore, affirmed.
AFFIRMED.
HOOPER, C.J., and HOUSTON, BUTTS, and SEE, JJ., concur.
ALMON, J., concurs in the result.
SHORES and COOK, JJ., dissent.
[1] Section 22-11A-2 provides, in part:
 "Each physician, dentist, nurse, medical examiner, hospital administrator, nursing home administrator, laboratory director, school principal, and day care center director shall be responsible to report cases or suspected cases of notifiable diseases and health conditions. The report shall contain such information, and be delivered in such a manner, as may be provided for from time to time by the rules of the state board of health. All medical and statistical information and reports required by this chapter shall be confidential and shall not be subject to the inspection, subpoena, or admission into evidence in any court, except proceedings brought under this chapter to compel the examination, testing, commitment or quarantine of any person or upon the written consent of the patient, or if the patient is a minor, his parent or legal guardian. Any physician or other person making any report required by this chapter or participating in any judicial proceeding resulting therefrom shall, in doing so, be immune from any civil or criminal liability, that might otherwise be incurred or imposed.
The rules of the State Board of Health define HIV and AIDS as "notifiable diseases" and require the reporting person to give the patient's name and address and certain laboratory data.Alabama Administrative Code, Chapter 420-4-1 et seq.
[2] See Doe v. Borough of Barrington, 729 F. Supp. 376
(D. N.J. 1990).
[3] We note, from the Board's brief, that Alabama, like other states, is attempting to get a waiver of the federal rule that permits the sale of testing kits within the state. In any event, it appears to us that the out-of-state testing labs do not know the identity of the persons that are being tested. The vendors of the testing kits are not similarly situated, because they merely sell the kits and have no information on whether a particular purchaser is HIV- or AIDS-positive.