I concur insofar as the opinion relates to lot 24. I dissent as to all else.
Insofar as all other designated lots are concerned, we are dealing with something more than stare decisis. Clearly, we are dealing with the doctrines of law of the case and res judicata insofar as lots 21, 22, 23, and 25 are concerned. Hoiles v.Taylor, 278 Ala. 515, 179 So.2d 148 (1965). Therefore, I dissent insofar as today's opinion relates to lots 21, 22, 23, and 25. In my opinion, because of the holding of this Court in 1965 — "The evidence supported the contention of complainants that respondent Hoiles intended when he approved the [Bay View Terrace] map [Exhibit A, 278 Ala. at 519, 179 So.2d at 152] to dedicate the area as a public beach," 278 Ala. at 518, 179 So.2d at 151 — I believe that lots 18, 19, and 20, which are within the area designated on the Bay View Terrace map as "beach" and held inHoiles v. Taylor to be "public beach" (see the plats at 278 Ala. 519-20, 179 So.2d at 152-53), are also governed by the doctrines of law of the case and res judicata. Therefore, I also dissent from today's holding regarding lots 18, 19, and 20.
I cannot depart from the doctrine of stare decisis and disrupt 34 years of judicially *Page 1154 
established property rights. These rights are protected by the doctrines of law of the case and res judicata; the Court has merely changed its mind and today upsets title to to property. There is something chillingly unconstitutional about what the majority does today.
Hooper, C.J., concurs.